761 So.2d 410 (2000)
William McMULLAN, Appellant,
v.
Deborah McMULLAN, Appellee.
No. 5D99-1212.
District Court of Appeal of Florida, Fifth District.
May 12, 2000.
Rehearing Denied July 11, 2000.
Lyman T. Fletcher and Jeffrey A. Conner of Fletcher & Conner, Jacksonville, for Appellant.
No appearance for Appellee.
ANTOON, C.J.
William McMullan appeals the trial court's order declaring him to be in contempt for his failure to comply with the support obligations imposed in the court's final dissolution judgment. We affirm.[1]
In July 1998, the trial court entered a final judgment of dissolution which dissolved the marriage between William and Deborah McMullan. The parties had been married since February 1988, and one son was born during the marriage. In the final dissolution judgment, Ms. McMullan was awarded twenty-four months of rehabilitative alimony for purposes of support and primary residential custody of the child. Mr. McMullan was ordered to pay monthly child support, provide health insurance for the child, and obtain life insurance for the benefit of the child.
Three months after the dissolution order was entered, Ms. McMullan filed a motion for contempt alleging that Mr. McMullan had failed to pay in excess of $7,000 in court-ordered support. The trial court apparently conducted a hearing on this motion; however, a transcript of this hearing has not been provided to this court. Upon review of the evidence submitted, the trial court adjudicated Mr. McMullan to be in contempt. This appeal timely followed.
Mr. McMullan raises four claims of error regarding the trial court's contempt ruling. Two of these claims relate to factual determinations made by the court. However, since Mr. McMullan has failed to provide this court with a transcript of the proceedings below or a stipulated statement of the facts pursuant to rule 9.200(b)(4) of the Florida Rules of Appellate Procedure, these issues are not subject *411 to appellate review. See Calicchio v. Calicchio, 693 So.2d 1124, 1125 (Fla. 4th DCA 1997).
Mr. McMullan also claims that the trial court erred in sua sponte amending the final dissolution judgment to add a provision reserving jurisdiction to enforce the dissolution judgment. This claim of error is completely devoid of merit since it is well established that the court which enters a judgment of dissolution maintains continuing jurisdiction for the purpose of enforcing the judgment. See Bailey v. Malone, 389 So.2d 348, 349 (Fla. 1st DCA 1980).
Finally, Mr. McMullan maintains that the trial court lacked jurisdiction to hold him in contempt for his noncompliance with the court ordered support payments. This argument is also devoid of merit. Here, the wife was awarded lump sum alimony for purposes of support, not for purposes of property distribution. Trial courts possess jurisdiction to enforce by contempt court ordered support payments. See Veiga v. State, 561 So.2d 1335 (Fla. 5th DCA 1990).
AFFIRMED.
W. SHARP, and GRIFFIN, JJ., concur.
NOTES
[1] Jurisdiction is proper pursuant to rule 9.130(a)(4) of the Florida Rules of Appellate Procedure.