801 So.2d 1028 (2001)
Lynn Marie CARBINO and Glenn Carbino, Appellants/Cross-Appellees,
v.
Gaylon Earl WARD, Appellee/Cross-Appellant.
No. 5D01-754.
District Court of Appeal of Florida, Fifth District.
December 21, 2001.
*1029 Joseph H. Williams of Troutman, Williams, Irvin, Green & Helms, P.A., Winter Park, for Appellants/Cross-Appellees.
Julie Hions O'Kane of Drage, deBeaubien, Knight, Simmons, Mantzaris & Neal, LLP, Orlando, for Appellee/Cross-Appellant.
PALMER, J.
Lynn and Glenn Carbino appeal the final judgment awarding them mediator costs of $292.50 as a sanction against Gaylon Earl Ward for his failure to attend a scheduled mediation, contending that they should also have been awarded their attorney's fees and lost wages. Ward cross-appeals contending that the mediator costs should not have been awarded. Concluding that the trial court properly found that Ward failed to appear at a duly noticed mediation without good cause, we affirm the award of mediator costs. However, we reverse the trial court's denial of the Carbinos' request for attorney's fees, and remand this matter for entry of a judgment awarding same.
The Carbinos sued Ward in negligence for damages arising out of an automobile accident. Ward had an insurance policy with a $100,000 limit. The Carbinos made a demand for the policy limit, which was rejected by Ward and his insurer, State Farm Mutual Automobile Insurance Company.
The trial court ordered the parties to mediation. At the time of the scheduled mediation, the Carbinos, their attorney, two representatives of State Farm, and Ward's attorney were present, but Ward was not. In response to an inquiry from Carbino's counsel, Ward's counsel stated that he had advised his client that it was not necessary for him to appear at the mediation. No prior arrangements had been made for Ward's non-attendance, nor had a motion been filed seeking to excuse Ward from attending the mediation. Counsel for the Carbinos chose not to go forward with the mediation since Ward was not present. The Carbinos thereafter filed a motion for sanctions, seeking an award of their mediator costs, attorney's fees, and lost wages. Ward filed his own motion for sanctions, alleging that the Carbinos *1030 were not justified in refusing to go forward with the mediation because he suffered from leukemia and heart problems and had waived his personal attendance.
At a hearing on the parties' cross motions, the trial court found that pursuant to the language of rule 1.720 Ward was required to be present at the mediation. Accordingly, the court awarded the Carbinos their mediator costs and attorney's fees, but denied their request for lost wages. Upon rehearing, being presented with the argument that Ward had been advised by his counsel that he did not have to appear at the mediation, the trial court found that Ward had a good faith argument against appearing (although it did not rise to the level of good cause) and, accordingly vacated the sanction of attorney's fees, while continuing to award the Carbinos mediator costs as a sanction. This appeal timely followed.
The key issue presented in this case is whether Ward was required to personally appear at the mediation when State Farm sent a representative who had full authority to settle the matter up to the policy limits. We agree with the trial court that Ward was required to personally attend the mediation and, therefore, the imposition of sanctions was warranted for his failure to do so.
All parties agree that this question is one of first impression in Florida and that the answer hinges upon this court's interpretation of Florida Rule of Civil Procedure 1.720(b), which provides:
Rule 1.720. Mediation Procedures
* * *
(b) Sanctions for Failure to Appear. If a party fails to appear at a duly noticed mediation conference without good cause, the court upon motion shall impose sanctions, including an award of mediator and attorneys' fees and other costs, against the party failing to appear. If a party to mediation is a public entity required to conduct its business pursuant to chapter 286, Florida Statutes, that party shall be deemed to appear at a mediation conference by the physical presence of a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body of the entity. Otherwise, unless stipulated by the parties or changed by order of the court, a party is deemed to appear at a mediation conference if the following persons are physically present:
(1) The party or its representative having full authority to settle without further consultation.
(2) The party's counsel of record, if any.
(3) A representative of the insurance carrier for any insured party who is not such carrier's outside counsel and who has full authority to settle up to the amount of the plaintiff's last demand or policy limits, whichever is less, without further consultation.
Ward contends that the same person can fulfill the roles of both sub-sections (b)(1) and (b)(3) because a representative of the insurance carrier can also serve as a "representative having full authority to settle without further consultation."[1] We disagree for two reasons.
*1031 First, the trial court properly concluded that the phrase "its representative" in sub-section (b)(1) relates to a party such as a corporation, partnership, incapacitated person, or minor which must appear through a duly authorized representative. Second, in this case, the State Farm representative did not fit the definition of a "representative having full authority to settle without further consultation." Rather, State Farm's representative only had authority to settle the matter up to its policy limits and the Carbinos had not agreed to limit their demands to said limits. Although the Carbinos had previously made a demand for policy limits, that demand had been rejected and, accordingly, the Carbinos could have made a demand at the mediation conference for an amount in excess of the policy limits.[2]
Since Ward failed to appear at the mediation without good cause rule 1.720 required the trial court to impose sanctions against him, including both mediator costs and attorney's fees. At the initial hearing, the trial court properly recognized this fact and ruled that the Carbinos were entitled to receive both. However, upon rehearing, the trial court erroneously withdrew its award of attorney's fees based upon the finding that Ward had a good faith argument, but not good cause, for his failure to appear. All parties agree that under the rule, the trial court could not properly award mediator costs and deny attorney's fees. Since the trial court found that Ward failed to appear without good cause, the court was required to award the Carbinos both mediator costs and attorney's fees.[3]
As for the issue of lost wages, we agree with the trial court that the Carbinos were not entitled to receive an award of lost wages under the "other costs" provision of rule 1.720(b). The Supreme court has not defined "other costs" under this rule to include lost wages and we have found no case law which includes lost wages within the definition of "costs" provided for by any other statute or rule. Also, the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions do not include lost wages as part of such costs. Accordingly, the trial court properly refused to award lost wages.
The Carbinos further move for an award of their reasonable attorney's fees on appeal pursuant to rule 1.720(b) of the Florida Rules of Civil Procedure and rule 9.400(b) of the Florida Rules of Appellate Procedure. We grant that motion and hold that the amount of such fees must be determined by the trial court upon remand. To hold otherwise would substantially weaken the sanction mechanism which the Supreme Court saw fit to make mandatory upon a party's failure to appear at mediation without good cause. Although the rule does not specially reference appellate attorney's fees, no such specific reference is required. For example, although section 57.105 of the Florida Statutes (1999), which authorizes the award of *1032 attorney's fees as a sanction in frivolous cases, does not mention appellate attorney's fees, this court has awarded such fees pursuant to that section. See Debra, Inc. v. Orange County, 445 So.2d 404 (Fla. 5th DCA 1984).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
THOMPSON, C.J. and SAWAYA, J., concur.
NOTES
[1] Rule 1.720 of Florida Rules of Civil Procedure allows a party to apply to the court for interim or emergency relief at any time. However, in this case, Ward filed no motion to be relieved from his obligation to appear at the mediation and, accordingly, that portion of the rule is not applicable in this case.
[2] Even if the demand at mediation was within policy limits, Ward's presence at the mediation could nonetheless promote the settlement process, the intended purpose of the mediation rule. For instance, Ward may very well have placed a demand on State Farm to settle within policy limits or face the risk of a bad faith claim if the ultimate verdict was in excess of policy limits.
[3] Pursuant to the language of rule 1.720(b) the award of such fees and costs must be made against the party failing to appear and, accordingly, the sanctions must necessarily be imposed against Ward, not against Ward's attorney. To the extent that Ward contends that his failure to appear was the result of advice received from his attorney, that issue is one for resolution between Ward and his attorney.