844 So.2d 820 (2003)
Donald J. SEGUI and St. Joseph's Benevolent Alliance, Inc., Appellants,
v.
David MARGRILL, Appellee.
No. 5D02-3398.
District Court of Appeal of Florida, Fifth District.
May 16, 2003.
Larry T. Griggs of Larry T. Griggs, P.A., St. Augustine, for Appellant.
Andrea R. Bateman of Aaronson, Austin, P.A., Winter Park, for Appellee.

ON MOTION FOR SANCTIONS
PER CURIAM.
Appellants, Donald J. Sequi and St. Joseph's Benevolent Alliance, Inc., have filed a motion with this court requesting the imposition of sanctions against appellee, David Margrill, for his failure to appear at court-ordered appellate mediation. Concluding that Margrill's failure to appear violated this court's mediation order, we grant the motion.
By order dated November 13, 2002, this court referred this case to appellate mediation. That order specifically stated that "parties with full settlement authority and *821 counsel are required to attend mediation, unless excused from attendance by the mediator. Failure of an attorney or party to appear for a duly scheduled mediation conference or otherwise comply with the appellate mediation program procedures, without good cause, may result in imposition of sanctions by this court ...".
Margrill admits he failed to appear for the mediation. Yet, in response to appellants' request for sanctions, he contends that the imposition of sanctions is not appropriate because his attorney attended the mediation with "full settlement authority." He further contends that sanctions are not warranted since, during the mediation he could have been contacted at all times by telephone, although he does not contend that he had requested or received permission from this court or the mediator to attend by telephone. We reject these arguments as meritless. We required Margrill to attend mediation because a party's actual presence at mediation is often critical to its success. Counsel is clearly not a "party", regardless of whether he or she is given authority to settle by the client.
Appropriate sanctions for a party's failure to comply with the court's order include the award of reasonable attorney's fees and mediator fees. Although the order of referral to mediation does not specifically list the award of attorney's fees as one possible sanction, no such specific reference is required. See Carbino v. Ward, 801 So.2d 1028 (Fla. 5th DCA 2001)(awarding appellate attorney's fees as a sanction for failure to appear at a mediation, although such fees were not specifically referenced in the sanction rule).
Appellants' motion for sanctions specifically sought attorney's fees in the amount of $1,384.50 and mediator fees in the amount of $100.00. Margrill's response to the motion did not contest the reasonableness of those fees. Accordingly, we hereby impose sanctions in those amounts and direct Margrill to make payment of $1,484.50 to appellants' counsel within 15 days from the date of this opinion.
MOTION GRANTED.
SAWAYA, PLEUS and ORFINGER, JJ., concur.