891 So.2d 635 (2005)
Veronica J. HARRELSON, Appellant,
v.
Joyce L. HENSLEY, Appellee.
No. 5D04-1946.
District Court of Appeal of Florida, Fifth District.
January 28, 2005.
*636 Ronald H. Roby of Roby Law Firm, Winter Park, for Appellant.
Robert J. Stovash of Stovash, Case & Tingley, P.A., Orlando, for Appellee.

ON MOTION FOR SANCTIONS
PALMER, J.
Joyce L. Hensley has filed a motion for sanctions against Veronica J. Harrelson and Harrelson's attorney citing to Harrelson's failure to attend a court-ordered mediation conference and otherwise comply with this court's appellate mediation program procedures. Concluding that Harrelson has failed to show good cause why sanctions should not be imposed against her, the motion for sanctions is granted and Harrelson is ordered to pay sanctions as outlined herein. However, Hensley's motion for sanctions against Harrelson's counsel is denied.
The trial court order being appealed in this case is an order granting attorney's fees pursuant to section 57.105 of the Florida Statutes against Harrelson and her counsel. This court entered an order referring the case to mediation. The order stated, among other things, that "parties with full settlement authority . . . are required to attend mediation in person unless excused by the court." The order further provided that "failure of an attorney or party to appear for a duly scheduled mediation conference or otherwise comply with appellate mediation program procedures, without good cause, may result in the imposition of sanctions by this court, . . ."
Pursuant to the order, the parties jointly selected a mediator and a mediation conference was scheduled. However, on the morning of the mediation conference, Harrelson's counsel contacted opposing counsel to advise that Harrelson would not attend the mediation conference. No motion to be excused from the mediation was filed. The mediation conference went forward with Hensley, Hensley's counsel, and Harrelson's counsel, but without Harrelson in attendance.
Subsequent to the mediation, Hensley filed a motion with this court seeking the imposition of sanctions against Harrelson and Harrelson's counsel for willful violation of the court's referral order. In her response to the motion for sanctions, Harrelson provided no good cause for her failure to attend mediation, instead simply contending that she "has been so disturbed by the obnoxious conduct of Hensley's counsel that she has become uncommunicative and willing only to allow counsel to continue to pursue her interests in this matter without her active involvement." On this record, the granting of sanctions against Harrelson is appropriate.
At the same time, the motion and response filed with this court do not indicate that Harrelson's counsel encouraged or otherwise participated in Harrelson's decision not to attend the court-ordered mediation. Accordingly, the imposition of sanctions against counsel is not warranted.
Veronica J. Harrelson is hereby ordered to pay the following amounts as sanctions within 30 days from the date of this opinion:
1. All fees charged by the mediator in connection with this appellate mediation;
2. Hensley's reasonable attorney's fees and costs incurred in preparing for and attending the appellate mediation and filing the motion for sanctions; and,
3. Five hundred dollars ($500.00) payable to the clerk of this court as a sanction for her willful failure to *637 comply with this court's mediation order.
We conclude by noting that, if the parties cannot agree on the reasonable amount of costs and attorney's fees, the trial judge in this matter is hereby appointed as a commissioner to conduct an evidentiary hearing and determine the reasonable amount of those fees and costs. Any dispute over the reasonable amount of attorney's fees and costs shall not delay Harrelson's obligation to timely pay the items set forth in paragraphs 1 and 3 above. The failure to make these payments may result in further sanctions by this court, including dismissal of the appeal, and additional attorney's fees.
MOTION GRANTED; SANCTIONS IMPOSED.
THOMPSON and ORFINGER, JJ., concur.