898 So.2d 1216 (2005)
Juliette A. HOLLER, Appellant,
v.
Evelio DE HOYOS, Elin V. Satory De Hoyos, et al., Appellee.
No. 5D04-2912.
District Court of Appeal of Florida, Fifth District.
April 22, 2005.
Shawn G. Rader and Matthew T. Blackshear of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellants Holler.
James E. Cheek, Orlando, for Appellee City of Winter Park.
*1217 Michael J. Appleton, Orlando, and Tom Infantino of Infantino & Berman, Winter Park, for Appellees De Hoyos.
ON MOTION TO COMPEL COMPLIANCE WITH MEDIATED SETTLEMENT AGREEMENT, OR IN THE ALTERNATIVE, FOR SANCTION AGAINST APPELLEES
PALMER, J.
Appellant, Juliette A. Holler, has filed a motion requesting that this court compel appellees to comply with a mediated settlement agreement, or in the alternative, to impose sanctions against appellees based upon Elin De Hoyos' failure to attend appellate mediation or to sign the mediated settlement agreement. Concluding that Elin De Hoyos has failed to show good cause why sanctions should not be imposed upon her, the motion for sanctions is granted and Elin De Hoyos is ordered to pay sanctions as outlined herein.
This court entered an order referring this case to appellate mediation. The order provided that "failure of an attorney or party to appear for a duly scheduled mediation conference or otherwise comply with appellate mediation program procedures, without good cause, may result in the imposition of sanctions by this court ...".
Pursuant to the order, the parties jointly selected a mediator and a mediation conference was scheduled. However, Elin De Hoyos failed to attend the mediation. No motion to be excused from the mediation was filed. The mediation conference went forward resulting in a written settlement agreement. However, Elin De Hoyos has refused to sign the mediated settlement agreement.
Subsequent to the mediation, Holler filed a motion with this court seeking to compel appellees to comply with the mediated settlement agreement, or in the alternative, to impose sanctions on De Hoyos. In a response to the motion, Elin De Hoyos provided no good cause for her failure to attend mediation.
Holler has cited no legal authority, and this court is not aware of any, which would authorize the court to compel Elin De Hoyos to comply with a mediated settlement agreement which was negotiated in her absence. However, this court does have the authority to impose sanctions against Elin De Hoyos for her failure to attend the mediation and, on this record, the granting of sanctions against Elin De Hoyos is appropriate. See Harrelson v. Hensley, 891 So.2d 635 (Fla. 5th DCA 2005).
Accordingly, Elin De Hoyos is hereby ordered to pay the following amounts as sanctions within 30 days from the date of this opinion:
1. To the mediator, all fees charged by the mediator in connection with this appellate mediation;
2. To opposing counsel, Holler's reasonable attorney's fees and costs incurred in preparing for and attending the appellate mediation and filing the motion for sanctions; and,
3. To the clerk of this court, five hundred dollars ($500.00) as a sanction for willful failure to comply with this court's mediation order.
If the parties cannot agree on the reasonable amount of costs and attorney's fees, the trial judge in this matter is hereby appointed as a commissioner to conduct an evidentiary hearing and to determine the reasonable amount of those fees and costs. Any dispute over the reasonable amount of attorney's fees and costs shall not delay Elin De Hoyos' obligation to timely pay the items set forth in paragraphs 1 and 3 above. The failure to *1218 make these payments may result in further sanctions by this court, including the striking of Elin De Hoyos' answer brief and the assessment of additional attorney's fees.
MOTION GRANTED; SANCTIONS IMPOSED.
SHARP, W., and PLEUS, JJ., concur.