PALMER, J.

ON MOTION FOR SANCTIONS

The Hernando County School Board has filed a motion with this court seeking the imposition of sanctions against appellee, Paul Nazar, and his counsel, Peter Capua, for their failure to appear at court-ordered appellate mediation. Concluding that Paul Nazar and Attorney Capua failed to comply with this court’s Order of Referral to Mediation without good cause, we grant the motion and impose the sanctions set forth herein.
By order dated June 22, 2005, this court referred the instant matter to appellate mediation. The Order of Referral specifically provided:
Parties with full settlement authority and counsel are required to attend mediation in person unless excused from attendance by the court. Failure of an attorney or party to appear for a duly scheduled mediation conference or otherwise comply with the Appellate Mediation Program Procedures, without good cause, may result in imposition of sanctions by this court, including the striking of any party’s briefs, denial of oral argument or dismissal of the appeal.
Mediation in this matter was scheduled for September 2, 2005 in Hernando County. The mediator chosen by the parties traveled to the mediation from Orlando. Counsel for the Hernando County School Board traveled from Gainesville for the mediation, while representatives of the Hernando County School Board traveled from Palatka and Brooksville.
Paul Nazar did not appear for the scheduled mediation. Attorney Capua did not appear in person for the mediation, although he attempted to appear by telephone. While no motion was filed with this court seeking to excuse the personal appearance of either Paul Nazar or Capua, Capua contacted the mediator's office and sought to be excused from appearing personally at the mediation. The mediator could not, and thus did not, excuse the personal appearance of either Capua or Paul Nazar due to this court’s order which expressly stated that personal attendance can only be excused by the court.
In his reply to the instant motion for sanctions, Capua states that his inability to personally attend the mediation was the result of certain medical problems and a doctor appointment. However, he never brought those matters to the attention of this court prior to the mediation, nor sought court permission to be excused from personal attendance at the mediation. The failure of Paul Nazar to appear in person at the mediation allegedly resulted from his need to travel out of state to help relatives victimized by Hurricane Katrina. However, once again, no such facts were brought to the attention of this court prior to the scheduled mediation, nor was a motion filed by Nazar seeking permission to be excused from personal attendance at the mediation.
Having failed to seek permission from this court to be excused from appearing, or to show good cause for their failure to appear at the mediation, imposition of sanctions are appropriate against both Paul Nazar and Capua. See Holler v. De Hoyos, 898 So.2d 1216 (Fla. 5th DCA 2005); Harrelson v. Hensley, 891 So.2d 635 (Fla. 5th DCA 2005).
Accordingly, Paul Nazar and Capua are hereby each ordered to pay fifty percent of the following amounts as sanctions within 30 days from the date of this opinion: 1) all fees charged by the mediator in connection with this appellate mediation; and, 2) *796 reasonable attorney’s fees and costs incurred by Hernando County School Board in preparing for and attending the appellate mediation and filing the motion for sanctions. Capua is prohibited from charging the sanctions imposed against him to his client.
If the parties cannot agree on the reasonable amount of costs and attorney’s fees, the trial judge in this matter is hereby appointed as a commissioner to conduct an evidentiary hearing and determine the reasonable amount of those fees and costs. Any dispute over the reasonable amount of attorney’s fees and costs shall not delay the obligation to timely pay the fees set forth in paragraph one above. Failure to make the payments ordered herein may result in further sanctions by this court.
MOTION GRANTED; SANCTIONS IMPOSED.
PLEUS, C.J., and SHARP, W., J., concur.