PALMER, J.

ON AMENDED MOTION FOR REHEARING

Willie J. Collier has filed an amended motion for rehearing/elarification of this court’s opinion imposing sanctions, dated February 24, 2006. In said motion, Attorney Robert C. Power, counsel for Collier, states that he failed to advise Collier that his physical attendance at the appellate mediation was mandatory and requests that, as a result of such failure, sanctions be imposed only against counsel, not against Collier. We commend counsel for his candid disclosure of these facts to the court and his professionalism. Accordingly, we grant the motion for rehearing and issue this revised opinion.
Doorstep Beverages of Longwood, Inc. filed a motion with this court seeking the imposition of sanctions against appellee, Willie J. Collier, for his failure to personally appear at court-ordered appellate mediation. The relevant facts are as follows.
By order dated November 19, 2005, this court referred the instant matter to appellate mediation. The Order of Referral specifically provided:
Parties with full settlement authority and counsel are required to attend mediation in person unless excused from attendance by the court. Failure of an attorney or party to appear for a duly scheduled mediation conference or otherwise comply with the Appellate Mediation Program Procedures, without good cause, may result in imposition of sanctions by this court, including the striking of any party’s briefs, denial of oral argument or dismissal of the appeal.
Collier did not appear for the scheduled mediation. No motion was filed with this court to excuse his appearance. Having failed to seek permission from this court to be excused from appearing, the imposition of sanctions is appropriate. See Harrelson v. Hensley, 891 So.2d 635 (Fla. 5th DCA 2005). In light of counsel’s admission to this court that he failed to advise Collier that personal attendance at mediation was mandatory, and his request that sanctions be imposed against him personally, such sanctions are so imposed.
Accordingly, Attorney Robert C. Power is hereby ordered to pay the following amounts as sanctions within 30 days from the date of this opinion: 1) to the mediator, all fees charged by the mediator in connection with the appellate mediation; and, 2) to opposing counsel, reasonable attorney's fees and costs incurred in preparing for and attending the appellate mediation and filing the motion for sanctions.
If the parties cannot agree on the reasonable amount of costs and attorney’s fees, the trial judge in this matter is hereby appointed as a commissioner to conduct an evidentiary hearing and determine the reasonable amount of same. Any dispute over the reasonable amount of attorney’s fees and costs shall not delay Power’s obligation to timely pay the items set forth in paragraph one above. The failure to make these payments may result in further sanctions by this court, including the assessment of additional attorney’s fees.
MOTION GRANTED; SANCTIONS IMPOSED.
PLEUS, C.J., and SHARP, W., J., concur.