SHARP, W., Senior Judge.
Holler appeals from a final judgment on costs in favor of Evelio and Elin De Hoyos, appellees. This is another appellate proceeding involving these parties.[1] The source of these appeals is a declaratory judgment action filed by the De Hoyoses against their neighbors, the Hollers,[2] and the City of Winter Park to determine the status of a piece of property located between the parties’ homes. The Hollers eventually prevailed on their affirmative defenses.
The issue in this appeal is whether the trial judge failed to tax costs against the De Hoyoses for the Hollers’ expert witness, Ross Payne, a real estate attorney and senior underwriter at the Attorneys’ Title Services Fund. After conducting a hearing regarding this witness only, on July 7, 2004,[3] the judge ruled the Hollers failed to establish their entitlement to taxation of costs attributed to Payne’s services.
The Hollers contend that Payne was instrumental to their case. He filed six or seven affidavits and testified at hearings and at trial. He established the root of title and explained why other deeds did not qualify as roots of title. They contend the court, therefore, abused its discretion in refusing to award any costs for this expert witness.
The De Hoyoses respond that there was no abuse of discretion in this award because Payne’s services were more similar to legal services than expert witness services.
The evidence at the July hearing may have provided support for the trial court’s finding, or it may have demonstrated reversible error. However, this cannot be determined by an appellate court without the transcript. Holler has not provided us with the transcript of the hearing or a substitute. Thus, we have no recourse but to affirm. See Pearce v. Pearce, 773 So.2d 1286 (Fla. 5th DCA 2000) (absent a transcript or stipulation of facts, the record lacks a basis to reverse the trial court’s decision); McMullan v. McMullan, 761 So.2d 410 (Fla. 5th DCA 2000) (claims relating to factual determinations made by the trial court were not subject to appellate review where appellant failed to provide this court with a transcript of the proceedings below or a stipulated statement of the facts); Hirsch v. Hirsch, 642 So.2d 20 (Fla. 5th DCA 1994) (failure to provide appellate court with either transcript or proper substitute for a transcript is generally fatal because, in the absence of a transcript, the appellate court is unable to evaluate allegations that error exists in the trial court’s findings but instead must presume such findings are correct).
AFFIRMED.
THOMPSON and MONACO, JJ., concur.

.Holler v. De Hoyos, 898 So.2d 1216 (Fla. 5th DCA 2005) (imposing sanctions against Elin De Hoyos for failing to attend mediation); De Hoyos v. Holler, 907 So.2d 1178 (Fla. 5th DCA 2005) (appeal); De Hoyos v. Holler, 928 So.2d 1236 (Fla. 5th DCA 2006) (appeal of costs judgment).

. The De Hoyoses filed suit against Roger Holler and his wife Juliette. Roger Holler died in February 2004.

. In another final judgment, the court awarded the Hollers costs totaling $25,330.22. That judgment has been affirmed. De Hoyos v. Holler, 928 So.2d 1236 (Fla. 5th DCA 2006).