WHATLEY, Judge.
Efrain Areizaga appeals the order directing him and the Appellees (the County) to mediate the issues raised in his petition for writ of mandamus and imposing the sanction of payment of the bill of the mediator before whom he failed to appear. This order is a nonfinal, nonap-pealable order, and therefore, we treat this appeal as a petition for writ of certiorari. We grant the petition in part and deny it in part.
The purpose of Areizaga’s mandamus petition was the production of public records by the County. When it became clear at a hearing on the petition that the parties disagreed about whether the public records request had been satisfied, the circuit court ordered the parties to mediate all issues within thirty days. After Areizaga failed to appear at the scheduled mediation, the circuit court ordered him to pay the fee of the mediator pursuant to Florida Rule of Civil Procedure 1.720(b). That rule allows the court to impose the sanction of payment of the mediator’s bill when a party fails to appear for scheduled mediation without good cause.
At the hearing on the County’s motion for sanctions and to compel mediation, *642 the good cause Areizaga urged on the court was that at the time the County issued the notice of mediation, the court’s oral order to mediate had not been reduced to writing and filed with the clerk and that rule 1.710(b) prohibits mediation of extraordinary writs. In a written objection to the notice of mediation dated two days before the scheduled mediation, Arei-zaga only noted the lack of a written order to mediate and asserted that the County had failed to coordinate the date and time of mediation with him.[1] That the court’s order had not been rendered is not good cause to not attend mediation when the trial court had orally ordered the parties to mediate during a hearing. His written objection notwithstanding, at the hearing, Areizaga did not dispute the County’s contention that it had consulted with him on dates and times to schedule mediation. In addition, while it is true that rule 1.710(b) prohibits the referral of extraordinary writs to mediation, that fact also does not constitute good cause to not attend mediation when Areizaga did not bring the rule to the circuit court’s attention until after he failed to attend the scheduled mediation. Thus, the trial court did not err in finding that Areizaga failed to appear at mediation without good cause.
This brings us to Areizaga’s argument that he should not have to pay the mediator’s bill because, in light of rule 1.710(b), mediation should never have been ordered. We agree that rule 1.710(b) makes it clear that circuit courts may not refer extraordinary writs to mediation, but as we have noted, Areizaga did not bring this rule to the court’s attention until after he failed to attend mediation without good cause. Under these circumstances, the circuit court did not depart from the essential requirements of law by sanctioning Areizaga pursuant to rule 1.720(b).
By contrast, the court did depart from the essential requirements of law by ordering mediation after rule 1.710(b) had been brought to its attention.
The County attempts to create a substantive versus procedural conflict around rule 1.710(b) by citing two statutes and a rule that also concern mediation. Section 16.60, Florida Statutes (2004), establishes a public records mediation program within the Attorney General’s office. Section 44.102(2)(a) and (b) set forth the circumstances under which courts are required to or merely may order mediation. Florida Rule of Criminal Procedure 3.852(l )(3) concerns production of public records in *643 the context of capital postconviction proceedings. It directs that mediation be ordered pursuant to, inter alia, rule 1.710.
Section 16.60 says nothing about when mediation is appropriate or required. It appears to concern disputes that have not reached the stage of a court action. The only requirement for mediation is contained in section 44.102, but that statute, similar to rule 3.852(Z )(3), states that “[cjourt-ordered mediation shall be conducted according to rules of practice and procedure adopted by the Supreme Court.” § 44.102(1). In other words, the legislature implicitly stated that section 44.102 and rule 1.710(b) do not conflict but rather must be applied in harmony.
Accordingly, we deny the petition for writ of certiorari with regard to that part of the order that directs Areizaga to pay the mediator’s bill, and we grant the petition and quash that part of the order that directs the parties to mediate the issues raised by Areizaga’s mandamus petition.
Petition for writ of certiorari granted in part and denied in part.
SILBERMAN, J., and DANAHY, PAUL W., Senior Judge, Concur.

. In his brief, Areizaga argues that the circuit court failed to allow him to state that his primary reason for not attending mediation was that he had a medical appointment at the time it was scheduled. The transcript reveals that the court allowed Areizaga to argue about the lack of a rendered order to mediate and rule 1.710(b). After the court noted that Areizaga was present at the hearing at which it had ordered mediation, Areizaga stated, "I also” but the court cut him off. Even if he was attempting to inform the court about his medical appointment at that point, if it was his primary reason for not attending mediation, he would have informed the court about it at the beginning of his argument. Moreover, in a letter to Areizaga that Areizaga himself filed with the court, the County's attorney documented his phone conversation with Areizaga four days before the scheduled mediation during which Areizaga informed him of a conflicting dental appointment. The letter states that before scheduling mediation, the County's attorney consulted with Areizaga and was told that Areizaga had no restrictions in January except that he was not available after 3:00 or 4:00 in the afternoon. The letter further states that the County's attorney told Areizaga to provide him with a written list of dates and times in January that he was available and the attorney would attempt to reschedule the mediation. If he did not receive said list, the attorney would appear for the scheduled mediation. Areizaga did not provide said list or appear at mediation.