ON MOTION FOR SANCTIONS

EVANDER, J.
Charles Mash has filed a motion for sanctions against Fernando Lugo and Manuel A. Irizarry and them counsel after Lugo and Irizarry failed to appear for a court-ordered mediation conference. Mash and his counsel appeared for the duly scheduled mediation session, but only Lugo’s and Irizarry’s counsel, H. Michael Muniz, appeared for the appellees.
*830 In response to Mash’s motion, appellees’ counsel filed affidavits averring that Lugo’s and Irizarry’s insurer, Aequicap Insurance Company, held the exclusive right to decide to defend or settle any claim or suit within policy limits, that Lugo and Irizarry did not have the authority to bind the insurer to any settlement, and that attorney Muniz had full settlement authority on behalf of the insurer. We grant the motion.
Florida Rule of Appellate Procedure 9.720(a) provides that unless excused by the court, a party is deemed to appear at a mediation conference if the following persons are physically present or appear electronically upon agreement of the parties:
(1) The party or its representative having full authority to settle without further consultation.
(2) The party’s trial or appellate counsel of record, if any. If a party has more than one counsel, the appearance of only one counsel is required.
(3) A representative of the insurance carrier for any insured party who is not such carrier’s outside counsel and who has full authority to settle without further consultation.
Here, neither appellee appeared, nor did any representative of their insurance carrier. These individuals’ appearance was not excused by court order, nor was there an agreement that they could appear electronically.
Appellees’ counsel’s claim that he had full authority to settle the case on behalf of the insurer does not excuse the failure to attend of the appellees and a representative of their insurer. (By its express terms, subsection (a)(3) excludes an insurer’s outside counsel from being considered the insurance carrier’s representative.)
In Segui v. Margrill, 844 So.2d 820 (Fla. 5th DCA 2003), this court awarded sanctions against a party when only his counsel appeared at mediation, rejecting an argument that his appearance was not necessary because his counsel had full authority to settle. As the court noted: “We required [appellee] to attend mediation because a party’s actual presence at mediation is often critical to its success.” Id. at 821.
Similarly, in Carbino v. Ward, 801 So.2d 1028 (Fla. 5th DCA 2001), the court sanctioned a party for failure to appear at mediation, even when counsel and two representatives of his insurance company appeared at the mediation.
Pursuant to Florida Rule of Appellate Procedure 9.720(b), if a party fails to appear at a duly noticed mediation conference without good cause, the court may impose sanctions against the party failing to appear.
Accordingly, appellees are hereby ordered to pay the following amount in sanctions within thirty (30) days from the date of this opinion:
1. To the mediator, all fees charged by the mediator in connection with this appellate mediation;
2. To opposing counsel, the reasonable attorney’s fees and costs incurred in preparing for and attending the appellate mediation and filing the motion for sanctions.
If the parties cannot agree on the reasonable amount of costs and attorney’s fees, the trial judge in this matter is hereby appointed as a commissioner to conduct an evidentiary hearing and to determine a reasonable amount of those fees and costs. Any dispute over the reasonable amount of attorney’s fees and costs shall not delay appellees’ obligation to pay the fees set forth in paragraph one above. The failure to make these payments may result in further sanctions by this court, including *831 the striking of appellees’ answer brief and the assessment of additional attorney’s fees.
Motion GRANTED; SANCTIONS Imposed.
PALMER and ORFINGER, JJ., concur.