ON APPELLEE’S MOTION FOR SANCTIONS
 

 PALMER, J.
 

 C.O.D. Trees Partnership filed a motion with this court seeking sanctions against Carden & Associates, Inc. (Carden), and Lenwood Hollister, Jr., for their failure to appear at appellate mediation in violation of this court’s order.
 
 See
 
 Fla. RApp. P. 9.720. We grant the motion.
 

 This court ordered appellate mediation in this matter. Under rule 9.720(b), which governs appellate mediations, the court may impose sanctions against a party who fails to appear at a mediation conference without good cause. The rule further provides that, unless changed by order of the court, a party is deemed to appear at a mediation conference if certain persons are physically present, including “the party or its representative,” the party’s “counsel of record,” and “a representative of the insurance carrier for an insured party.” Fla. RApp. P. 9.720(a).
 

 In this case, neither Hollister nor a representative of Carden attended the mediation; only their insurance company representative and attorney appeared. No motion was filed with the court seeking to excuse the personal appearance of Carden and/or Hollister from the mediation. The law is clear that, absent being excused by the court, the party must appear at mediation and a representative of the insurance company cannot take the party’s place.
 
 See Carbino v. Ward,
 
 801 So.2d 1028 (Fla. 5th DCA 2001). The fact that
 
 Carbino
 
 involved a trial mediation, rather than an appellate mediation, is of no relevance since the appearance language in the applicable rules are identical.
 
 *863
 

 See
 
 Fla. R. Civ. P. 1.720(b).
 
 See also Harrelson v. Hensley,
 
 891 So.2d 635 (Fla. 5th DCA 2005).
 

 Accordingly, we grant the motion for sanctions. Carden and Hollister are hereby ordered to pay the following amounts as sanctions within 80 days from the date of this opinion:
 

 (1) all fees charged by the mediator in connection with this appellate mediation; and,
 

 (2) C.O.D.’s reasonable costs and attorneys’ fees incurred in preparing for and attending the appellate mediation and filing the instant motion for sanctions.
 

 In the event the parties cannot agree on the amount of the reasonable attorneys’ fees and costs, we appoint the trial judge as a commissioner to conduct an evidentia-ry hearing and to make a recommendation to this court regarding such amount. Any dispute over the reasonable amount of attorneys’ fees and costs in paragraph (2) above will not delay the obligation to timely pay the mediator fees set forth in paragraph (1).
 

 MOTION GRANTED.
 

 EVANDER and COHEN, JJ., concur.