ON APPELLEE’S MOTION ' FOR SANCTIONS
PER CURIAM.
Bee-Line Supply Company, Inc. filed a motion requesting this court to enter an order sanctioning HDE, Inc. for failing to attend court-ordered appellate mediation and- for failing to provide a fully authorized representative to attend that mediation. HDE filed no response to the motion. Determining that HDE’s conduct is sanction-able, we grant the motion.
HDE filed a notice of appeal from a final judgment entered in favor of Bee-Line Supply. This, court entered an order referring the matter to appellate- mediation. *1286 The order specifically stated that representatives of the parties with full settlement authority were required to attend the mediation in person, unless excused from attendance by the court. The order further stated that the failure to appear could result in the imposition of sanctions.
Bee-Line Company’s motion for sanctions states that HDE advised that a representative of Auto-Owners Insurance Company would be attending mediation “with full authority to negotiate and to recommend settlement to the appropriate decision making bodies.”[1] At the commencement of the mediation, no representative of HDE was present. A representative of Auto-Owners Insurance Company appeared, but HDE provided no certification that he had full authority to settle. Bee-Line Supply objected to the absence of the representative of HDE and to the limited authority of the insurance company representative, and the mediation proceeded without a waiver of objections. The mediation resulted in an impasse.
Rule 9.720 of the Florida Rules of Appellate Procedure governs appellate mediation procedures. The rule reads, in pertinent part, as follows:
Rule 9.720. Mediation Procedures
(a) Appearance. If a party to mediation is a public entity required to conduct its business pursuant to chapter 286, Florida Statutes, that party shall be deemed to appear at a mediation conference by the physical presence of a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body of the entity. Otherwise, unless changed by order of the court, a party is deemed to appear at a mediation conference if the following persons are physically present or appear electronically upon agreement of the parties: (1) The party or its representative having full authority to settle without further consultation.(2) The party’s trial or appellate counsel of record, if any. If a party has more than one counsel, the appearance of only one counsel is required.® A representative of the insurance carrier for any insured party who is not such carrier’s outside counsel and who has full authority to settle without further consultation.
(b) Sanctions. If a party fails to appear at a duly noticed mediation conference without good cause, the court, upon motion of a party or upon its own motion, may impose sanctions, including, but not limited to, any or all of the following, against the party failing to appear:(l) An award of mediator and attorney fees and other costs or monetary sanctions.® The striking of briefs.® Elimination of oral argument.® Dismissal or summary affirmance.
[[Image here]]
(f) Party Representative Having Full Authority to Settle. Except as provided in subdivision (a) as to public entities, a “party or its representative having full authority to settle” shall mean the final decision maker with respect to all issues presented by the case who has the legal capacity to execute a binding settlement agreement on behalf of the party. Nothing herein shall be deemed to require any party or party representative who appears at a mediation conference in compliance with this rule to enter into a settlement agreement.® Certificate of Authority. Unless otherwise stipulated by the parties, each party, 10 days prior *1287 to appearing at a mediation conference, shall file with the court and serve upon all parties a written notice identifying the person or persons who will be attending the mediation conference as a party representative or as an insurance carrier representative, and confirming that those persons have the authority required by this rule.
(g) Certificate of Authority. Unless otherwise stipulated by the parties, each party, 10 days prior to appearing at a mediation conference, shall file with the court and serve upon all parties a written notice identifying the person or persons who will be attending the mediation conference as a party representative or as an insurance carrier representative, and confirming that those persons have the authority required by this rule.
The authority of Auto-Owners Insurance Company’s representative failed to meet the requirements of this court’s order of mediation and the Florida Rules of Appellate Procedure. Also, the absence of a representative of HDE violated the order referring the matter to mediation. As we held in Carden & Associates, Inc. v. C.O.D. Trees Partnership, 83 So.3d 862 (Fla. 5th DCA 2012) and Carbino v. Ward, 801 So.2d 1028 (Fla. 5th DCA 2001), sanctions are appropriate for a party’s failure to appear at a court-ordered mediation even though a representative of his insurance company was present. See also Mash v. Lugo, 49 So.3d 829 (Fla. 5th DCA 2010) (holding the imposition of sanctions appropriate against a party for failing to appear although counsel appeared who claimed to have full.settlement authority).
Accordingly, we order HDE to pay the following sums as sanctions within thirty days of the date of this order: (1) to the mediator, all fees charged by the mediator in connection with this appellate mediation; and (2) to opposing counsel, all reasonable attorney’s fees and costs incurred in preparing for and attending the mediation as well as the costs incurred in filing this motion for sanctions. If the parties cannot agree on an amount of attorney’s fees and costs, the trial court shall conduct a hearing and determine same. In the event that sanctions are not timely paid, this court may impose additional sanctions, which could include the dismissal of this appeal or the assessment of additional attorney’s fees and costs.
MOTION GRANTED; SANCTIONS •IMPOSED.
PALMER, EVANDER and COHEN, JJ., concur.

. We deem the allegations in the motion as admitted since none have been contested by HDE.