# Third District Court of Appeal

## State of Florida

Opinion filed July 21, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0178
Lower Tribunal No. 16-2746
_____


**Yolanda Alvarez, et al.,**
Appellants,

vs.

**Citizens Property Insurance Corporation,**
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

Giasi Law, P.A., and Melissa A. Giasi, and Erin M. Berger (Tampa), for appellants.

Methe & Rothell, P.A., Kristi Bergemann Rothell (West Palm Beach), for appellee.


Before EMAS, HENDON, and MILLER, JJ.

MILLER, J.

In this first-party property dispute, appellants, the insured homeowners, Yolanda Alvarez, Dalia Gonzalez, and Carlos Abreu, challenge an order striking their pleadings and dismissing their lawsuit against appellee, Citizens Property Insurance Corporation, upon a finding they willfully disobeyed the terms of a mediation order. Without conceding deliberate noncompliance, on appeal, the homeowners contend that, having failed to first consider the propriety of less onerous alternatives, the trial court erred in imposing litigation-ending sanctions. We reverse.

## BACKGROUND

After sustaining water-related damage to the interior of her residence, Alvarez filed suit against Citizens seeking to recover proceeds under her homeowners' policy. Citizens denied coverage and, asserting Gonzalez and Abreu were co-owners of the insured property, sought a court order requiring their joinder as co-insureds and indispensable parties. The trial court ordered Alvarez to add both as party plaintiffs. Alvarez complied and the parties then embarked on discovery. Abreu failed to appear for one duly noticed deposition and Gonzalez failed to appear for two, but both were eventually deposed without the imposition of any sanctions.

Following the depositions, the trial court issued a mediation order. Mirroring the language contained within Florida Rule of Civil Procedure

2

1.720, the order stated, in relevant part, "[t]he appearance of counsel, and each party or representative of each party with authority to enter into a full and complete compromise and settlement, without further consultation, is mandatory." See Fla. R. Civ. P. 1.720(c).

On the day of mediation, Abreu appeared with his attorney, who also represented the other two homeowners. Alvarez was available telephonically, pursuant to a stipulation reached at the eleventh hour.[1] Gonzalez failed to appear, however, as she was purportedly in Cuba.

Citing noncompliance with the mediation order, Citizens aborted the mediation and, by way of a motion, sought terminating sanctions. In response, the homeowners' counsel filed an affidavit contending Citizens "unilaterally refused to proceed with mediation, despite the fact" she and Abreu "had full authority to negotiate and settle the subject lawsuit."

The trial court convened a non-evidentiary hearing and reserved ruling on sanctions. Thereafter, without further hearing, a successor judge struck the homeowners' pleadings and dismissed the case. The decision was premised upon a finding the homeowners willfully and contumaciously failed

---

[1] Citizens later raised a concern regarding Alvarez's ability to sign a mediated settlement agreement that day. This concern is allayed by Florida Rule of Civil Procedure 1.730(b), as signature is not required on the day on the day of the mediation and the transcription or electronic recordation of the agreement is permitted.

3

to appear for the mediation, as evidenced by both their nonappearance and pattern of delays during the discovery process. The instant appeal ensued.

## STANDARD OF REVIEW

Because an order dismissing a party's pleadings is a "severe sanction, to be administered only in the most egregious cases," we employ "a narrowed abuse of discretion standard" of review. Willie-Koonce v. Miami Sunshine Transfer & Tours Corp., 233 So. 3d 1271, 1273 (Fla. 3d DCA 2017) (quoting Empire World Towers, LLC v. CDR Créances, S.A.S., 89 So. 3d 1034, 1038 (Fla. 3d DCA 2012)).

## ANALYSIS

Section 44.102, Florida Statutes, permits a court to order parties to engage in mediation and provides that "[c]ourt-ordered mediation shall be conducted according to rules of practice and procedure adopted by the Supreme Court." Areizaga v. Bd. of Cnty. Comm'rs of Hillsborough Cnty., 935 So. 2d 640, 643 (Fla. 2d DCA 2006) (citation omitted). Florida Rule of Civil Procedure 1.720, governing mediation procedures, expressly authorizes the imposition of sanctions upon a party as a penalty for failing to appear at a duly noticed mediation conference. Fredericks v. Sturgis, 598 So. 2d 94, 96 (Fla. 5th DCA 1992); Fla. R. Civ. P. 1.720(f).

In the instant case, the gravamen of the disputed order was that nonappearance at mediation demonstrated a flagrant disregard for court order, justifying the ultimate sanction of dismissal. As Citizens correctly posits, Florida Rule of Civil Procedure 1.720(b) requires the presence of a party or party representative with full settlement authority and counsel of record at mediation. The rule further mandates physical attendance, and a "party representative having full authority to settle" is defined elsewhere in the rules as "the final decision maker with respect to all issues presented by the case who has the legal capacity to execute a binding settlement agreement on behalf of the party." Fla. R. Civ. P. 1.720(c).

Here, Abreu physically attended the conference accompanied by his attorney, and Alvarez appeared telephonically, without objection. Further, the affidavit filed in opposition to the sanctions motion, uncontroverted by other sworn testimony, alleged both Alvarez and Gonzalez delegated final settlement authority to counsel. These events do not warrant a finding that all three homeowners willfully or contumaciously defied a court order. Instead, the evidence presented below compels the conclusion Abreu fully complied, Alvarez either complied or substantially complied, and Gonzalez endeavored to comply with the edict of the order and rule. Nonetheless, as Citizens urges, it is irrefutable that the record reflects no formal filing of a

certificate of settlement authority. See Fla. R. Civ. P. 1.720(e) ("Unless otherwise stipulated by the parties, each party, [ten] days prior to appearing at a mediation conference, shall file with the court and serve all parties a written notice identifying the person or persons who will be attending the mediation conference as a party representative."). Thus, the inconvenience associated with the adjournment of mediation falls squarely upon Gonzalez and, arguably, her counsel.

It is axiomatic that trial courts enjoy broad discretion and flexibility in fashioning sanctions to enforce court orders.[2] Among these options is the authority to strike the pleadings of a party or dismiss an action. See Fla. R. Civ. P. 1.420(b) ("Any party may move for dismissal of an action or of any claim against that party for failure of an adverse party to comply with these rules or any order of court."). Such discretion is not unbridled, however, as it is widely presumed the interests of justice are best served by resolving cases on their merits.

---

[2] The homeowners correctly argue that where the actions of counsel are implicated, the trial court must consider the six factors established in the seminal case of Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993) to determine whether dismissal is appropriate and set forth explicit findings of fact in an order imposing the sanction of dismissal. See Bank of Am., N.A. v. Ribaudo, 199 So. 3d 407, 408 (Fla. 4th DCA 2016). Here, the court did neither. Because the homeowners did not raise this oversight at the hearing on the motion to dismiss or by subsequently filing a motion for rehearing, however, the issue is unreviewable on appeal. Id. at 409.

Adhering to these principles, it is imperative that "courts strike the appropriate balance between the severity of the infraction and the impact of the sanction when exercising their discretion to discipline parties to an action." Ham v. Dunmire, 891 So. 2d 492, 499 (Fla. 2004). In this vein, "because dismissal is the ultimate sanction in the adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result." Kozel, 629 So. 2d at 818; see also Gonzalez v. Trinity Marine Grp., Inc., 117 F.3d 894, 899 (5th Cir. 1997) (remanding "case to the district court for selection of an appropriate sanction which fully addresses Plaintiff's egregious behavior, but falls short of the ultimate sanction of dismissal of Plaintiff's entire claim with prejudice"); Barnhill v. United States, 11 F.3d 1360, 1367 (7th Cir. 1993) (observing "the particular sanction of dismissal with prejudice or judgment is 'draconian,' and 'must be infrequently resorted to by [trial] courts'") (citations omitted).

Applying these adages to the instant case, as two of the three homeowners followed the directive of the court, dismissal was not commensurate with the dereliction it sought to punish. Indeed, less draconian, rule-based alternatives to case-determinative sanctions were readily available to effectively remedy the troublesome delay in mediation. Florida Rule of Civil Procedure 1.720(f) provides, "[i]f a party fails to appear

at a duly noticed mediation conference without good cause, the court, upon motion, shall impose sanctions, including award of mediation fees, attorneys' fees, and costs, against the party failing to appear." The specified penalties have not been uniformly construed as exhaustive. See Smith v. Wal-Mart, Inc., 835 So. 2d 353 (Fla. 1st DCA 2003) (contemplating dismissal as an appropriate sanction when failure to attend mediation is willful). Nonetheless, our sister courts have widely embraced the position that monetary penalties, such as those promulgated under the rule, adequately serve to punish the non-compliant and negate any prejudice against the opposing party. See H & R Block Bank v. Perry, 205 So. 3d 776, 781 (Fla. 2d DCA 2016) (determining "[v]iolations of rule 1.720 have typically been addressed with" "sanctions that include attorney's fees and costs and mediator expenses"); Mash v. Lugo, 49 So. 3d 829, 830 (Fla. 5th DCA 2010) ("[I]f a party fails to appear at a duly noticed mediation conference without good cause, the court may impose sanctions against the party failing to appear. Accordingly, appellees are hereby ordered to pay [the mediator's and attorney's fees as] sanctions."); HDE, Inc. v. Bee-Line Supply Co. Inc., 181 So. 3d 1285, 1287 (Fla. 5th DCA 2015) (finding "sanctions are appropriate for a party's failure to appear at a court-ordered mediation" and ordering party to pay mediation and attorney's fees for failure to attend

8

mediation); <u>Carbino v. Ward</u>, 801 So. 2d 1028, 1031 (Fla. 5th DCA 2001) (determining paying "mediator costs and attorney's fees" was sufficient sanction for failure to appear at mediations without good cause); <u>Carden & Assocs., Inc. v. C.O.D. Trees P'ship</u>, 83 So. 3d 862, 863 (Fla. 5th DCA 2012) (ordering appellant to pay "all fees charged by the mediator in connection with [the] appellate mediation; and, . . . [appellee's] reasonable costs and attorneys' fees incurred in preparing for and attending the appellate mediation and filing the instant motion for sanctions" after appellant failed to show for mediation); <u>Harrelson v. Hensley</u>, 891 So. 2d 635, 636-37 (Fla. 5th DCA 2005) (ordering appellant pay all fees charged by the mediator, appellee's attorney's fees incurred in conjunction with mediation, and a monetary sanction for "willful failure to comply with [the] court's mediation order").

Declining to stray from these sagacious decisions, we conclude the findings below do not pass muster. Any transgression in this case was not so egregious as to warrant the ultimate sanction of dismissal. Thus, we reverse the order under review and remand for further proceedings consistent with this opinion.

Reversed and remanded.