443 So.2d 499 (1984)
Nellie HARRISON, Appellant,
v.
Lawrence GRIFFIN and Elizabeth Griffin, Husband and Wife, and Connie H. Waites, Appellees.
No. AS-58.
District Court of Appeal of Florida, First District.
January 17, 1984.
W. Paul Thompson, DeFuniak Springs, for appellant.
No appearance for appellees.
WIGGINTON, Judge.
Appellant seeks our relief from a lower court's order dismissing this cause of action with prejudice, for her failure to prosecute the case as minimally required by rule 1.420(e) of the Florida Rules of Civil Procedure.
There is no contest as to the propriety of granting the dismissal but only as to it being "with prejudice." Appellant's concern, according to this record, may be of little practical significance but her position is legally indisputable. However, this appellate review may well have been avoided had appellant not failed to appear at the hearing wherein the trial court disposed of this and her motion for continuance.
As our learned brethren stated in Gibbs v. Trudeau, 283 So.2d 889 (Fla. 1st DCA 1973):
An involuntary dismissal of a cause of action by order of court under Rule 1.420(b), 30 F.S.A., Rules of Civil Procedure, for failure of a plaintiff to comply with a mandatory order of the court operates as an adjudication on the merits of the action and is a bar to any subsequent suit brought on the same cause of action. It has been repeatedly held, however, that this principle of law is not applicable in instances where a cause of action is *500 dismissed pursuant to Rule 1.420(e), Rules of Civil Procedure for failure to prosecute the action within the time required.
At 890. This not-so-novel conclusion of law stems from a long line of cases and has been consistently followed and recently affirmed as in Bair v. Palm Beach Newspapers, Inc., 387 So.2d 517 (Fla. 4th DCA 1980) wherein Judge Hersey emphatically pointed out "that such a dismissal (of a complaint for failure to prosecute), under rule 1.420(e), Florida Rules of Civil Procedure, is to be without prejudice." We agree, and, while approving the dismissal of the complaint for lack of prosecution, strike from paragraph 3 of the order the final two words, "with prejudice."
LARRY G. SMITH and NIMMONS, JJ., concur.