444 So.2d 565 (1984)
Wayne E. CUMMINGS, Appellant,
v.
Steve DAWSON, Deborah Gianoulis, John Hogan, and Wtlv  Channel 12, Appellees.
No. AT-141.
District Court of Appeal of Florida, First District.
January 30, 1984.
*566 Wayne E. Cummings, in pro. per.
Harold B. Wahl and George D. Gabel, Jr., of Wahl & Gabel, Jacksonville, for appellees.
WIGGINTON, Judge.
Appellant appeals the trial court's order of dismissal with prejudice of his cause of action against appellees. We affirm.
Appellant's second amended complaint alleged (1) libel and slander and (2) "actionable harassment." At the hearing on the motion to dismiss, the trial judge gave the following statement of his basis for granting the motion:
Well I think for lack of prosecution as far as count I is concerned, and count II doesn't state a cause of action. And I'm not sure that count I states a cause of action because of the notice statutes.
In his written order of dismissal, the trial judge did not state his reasons for granting the motion.
The record amply supports the order of dismissal on the several grounds listed by the trial judge at the motion hearing. The file before us shows no record activity occurred for a period exceeding one year as relates to these appellees. Thus, dismissal as to both counts was proper for failure to prosecute, pursuant to Florida Rule of Civil Procedure 1.420(e). Dismissal of the libel and slander count was proper also on the ground that appellant did not show adequately that he complied with the section 770.01, Florida Statutes requirement that a plaintiff must "serve notice in writing on the defendant specifying the article or broadcast and the statements therein which he alleges to be false and defamatory" before instituting his action for libel or slander. Dismissal of count II was proper on the additional ground that "actionable harassment" is a nonexistent cause of action.
We recognize that dismissal with prejudice would have been improper if lack of prosecution had been the only basis for dismissal. See Harrison v. Griffin, 443 So.2d 499 (Fla. 1st DCA, 1984). However, since the alternative grounds stated above support dismissal with prejudice, the order of dismissal is affirmed.
LARRY G. SMITH and NIMMONS, JJ., concur.