ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. William Alex Sanchez pled guilty on September 4, 2007, in the Circuit Court of Pike County to the sale of cocaine within fifteen hundred feet of a church. Following Sanchez’s sentencing, he appealed his guilty plea. On appeal, Sanchez argues that: (1) there was no factual basis for his plea; (2) he received ineffective assistance of counsel; (3) his arrest was improper; (4) the sentence he received was excessive; and (5) he should receive a modified sentence. We find that this Court does not have jurisdiction to consider Issues I, II, and III. Furthermore, as to Sanchez’s remaining issues, we find that they are without merit.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Sanchez pled guilty to the unlawful sale of at least one tenth but less than two grams of cocaine within fifteen hundred feet of a church in violation of Mississippi Code Annotated section 41-29-139 (Rev. 2005). The trial court sentenced Sanchez in accordance with the enhancement provisions of Mississippi Code Annotated section 41-29-142 (Rev.2005) to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with six years to serve and the remaining nine years suspended. Additionally, Sanchez
 
 *782
 
 was sentenced to five years of post-release supervision. Subsequently, Sanchez appealed his plea of guilty.
 

 ANALYSIS
 

 I. WHETHER THERE WAS A FACTUAL BASIS FOR SANCHEZ’S PLEA.
 

 II. WHETHER SANCHEZ RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
 

 III. WHETHER SANCHEZ’S ARREST WAS PROPER.
 

 ¶ 3. When a defendant pleads guilty to a crime he waives certain rights and privileges. One such right is the ability to file a direct appeal of the defendant’s conviction.
 
 Gunter v. State,
 
 841 So.2d 195, 200(¶ 19) (Miss.Ct.App.2003). When Sanchez pled guilty, he gave up the right to directly appeal his conviction. Because Sanchez pled guilty, this Court does not have jurisdiction to hear his grievances on direct appeal. Miss.Code Ann. § 99-35-101 (Rev.2007).
 

 IV. WHETHER SANCHEZ RECEIVED AN EXCESSIVE SENTENCE.
 

 ¶ 4. Sanchez argues that the sentence he received for selling between one tenth and two grams of cocaine within fifteen hundred feet of a church was excessive, cruel, and unusual punishment. Sanchez urges this Court to reverse his sentence and dismiss his case. Mississippi Code Annotated section 99-35-101 provides that: “Any person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty.” Nevertheless, while a conviction from a plea of guilty may not be directly appealed, a defendant may directly appeal the sentence given as a result of that plea.
 
 Trotter v. State,
 
 554 So.2d 313, 315 (Miss.1989).
 
 [1]
 
 Therefore, we will review his claim of an excessive sentence.
 

 ¶ 5. Section 41-29-139 prohibits the sale of controlled substances. Miss.Code Ann. § 41 — 23—139(a)(1). Mississippi Code Annotated section 41-29-115(A)(a)(4) (Sup. 2008) lists cocaine as a Schedule II controlled substance. Section 41-29-139 further provides that conviction of the sale of a Schedule II controlled substance carries a potential sentence of up to and including thirty years in the custody of the MDOC, a fine of between five thousand and one million dollars, or both. Miss.Code Ann. § 41 — 29—139(b)(1). Further, Mississippi Code Annotated section 41-29-142(1) (Rev. 2005) provides that a person who violates section 41-29-139(a)(l) within fifteen hundred feet of a church may be sentenced to a term of imprisonment up to twice what is otherwise authorized by section 41-29-139(b). Therefore, based upon Sanchez’s plea, the trial court had the authority to sentence Sanchez to up to sixty years in the custody of the MDOC.
 

 ¶ 6. As noted above, the trial court sentenced Sanchez to fifteen years in the custody of the MDOC, with six years to serve, and the remaining nine years suspended. So long as the trial court sentences a defendant within those guidelines established by the Legislature, we cannot say the trial court abused its discretion in sentencing the defendant.
 
 Johnson v. State,
 
 950 So.2d 178, 184(¶25) (Miss.2007). Furthermore, the supreme court has said that
 
 *783
 
 a thirty-year term of imprisonment is not cruel and unusual punishment when the conviction stems from drug charges.
 
 Id.
 
 (citation omitted). As Sanchez’s sentence was within the minimum and maximum sentences set forth by statute, we find that this issue is without merit.
 

 V. WHETHER SANCHEZ’S SENTENCE SHOULD BE MODIFIED.
 

 ¶ 7. Sanchez’s entire argument under this heading reads as follows: “Alternatively, Sanchez should be granted sentence modification as amended by Mississippi Code Annotated 1972[sic] [sjection 47-7-3.” Mississippi Code Annotated section 47-7-3 (Sup.2004) pertains, in general terms, to parole of prisoners. Section 47-7-3 is completely inapplicable in this instance. Suffice it to say, we find no merit to this issue.
 

 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF CONVICTION OF UNLAWFUL SALE OF A LEAST 0.10 BUT LESS THAN 2.0 GRAMS OF COCAINE WITHIN 1,500 FEET OF A CHURCH AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH NINE YEARS SUSPENDED AND FIVE YEARS OF POST-RELEASE SUPERVISION, AND TO PAY A FINE OF $4,000 AND RESTITUTION IN THE AMOUNT OF $430 TO THE MISSISSIPPI BUREAU OF NARCOTICS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . As of July 1, 2008, an amended section 99-35-101 reads, "Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.” This amended section is not applicable to the present appeal.