NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DONNA MARIE JENKINS and　　　　　　）
RAYMOND MURDOCK,　　　　　　　　 ）
　　　　　　　　　　　　　　　　　　　　）
　　　　　　　Appellants,　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　　　 ）　　　Case No. 2D15-1729
　　　　　　　　　　　　　　　　　　　　）
ALLSTATE PROPERTY AND　　　　　　　）
CASUALTY INSURANCE COMPANY　　 ）
and ALLSTATE INSURANCE COMPANY, ）
　　　　　　　　　　　　　　　　　　　　）
　　　　　　　Appellees.　　　　　　　　 ）
_____）

Opinion filed February 10, 2016.

Appeal from the Circuit Court for Highlands
County; Peter F. Estrada, Judge.

Alan Medof of Alan Medof & Assoc., PA,
Miami, for Appellants.

Ronald L. Arend of Arend & Sisk, P.A.,
Fort Myers, for Appellees.


SALARIO, Judge.

　　　　　Donna Marie Jenkins and Raymond Murdock appeal from an order

dismissing without prejudice their complaint for breach of an insurance contract against

Allstate Property and Casualty Insurance Company and Allstate Insurance Company.

The dismissal was based on the failure of Jenkins' and Murdock's counsel to appear at

a case management conference convened pursuant to Florida Rule of Civil Procedure 1.200 and, because a subsequent action would be barred by the statute of limitations, was effectively a dismissal with prejudice. Because the trial court failed to make the legally required findings that counsel's failure to attend the conference was flagrant, willful, persistent, or aggravated, we reverse and remand for further proceedings.

Jenkins and Murdock were involved in a car accident on June 21, 2005, and sought coverage under an insurance policy with Allstate. On July 8, 2005, Allstate informed Jenkins and Murdock that it was denying their claim for coverage. On July 1, 2010, Jenkins and Murdock filed a complaint for breach of contract against Allstate, just days before the five-year statute of limitations on that contract claim would have run. See § 95.11(2), Fla. Stat. (2005) (providing five-year statute of limitations on claims for breach of contract). The complaint was followed by several years of litigation.

The record is at a minimum susceptible of the inference that the litigation was characterized by a lack of diligence by counsel for Jenkins and Murdock. Counsel served, but did not file, an amended complaint on February 23, 2011. On July 13, 2011, the trial court dismissed that complaint and granted Jenkins and Murdock twenty days to amend. Counsel missed that deadline and, without leave of court, failed to file a second amended complaint until August 20, 2011. In response to a motion to dismiss based on the untimely filing, counsel filed an affidavit from his paralegal alleging that the failure to timely respond to the court's order occurred because the paralegal, whose wife had recently passed away, had neglected to open mail addressed to counsel.

On January 19, 2012, Jenkins' and Murdock's counsel was suspended from The Florida Bar for sixty days. The record does not reflect why. On June 20, 2012, after a hearing on Allstate's motion to dismiss the second amended complaint, the

trial court entered an order finding that although all parties had notice of the hearing, counsel for Jenkins and Murdock failed to disclose his suspension and resultant inability to appear in court. The trial court sanctioned counsel for the failure.

On August 28, 2013, Allstate filed a motion to compel long-overdue answers and objections to interrogatories and responses to requests for production of documents served on Jenkins and Murdock months earlier on April 12, 2013. See Fla. R. Civ. P. 1.340(a) (providing that answers and objections to interrogatories be filed within thirty days after service); 1.350(b) (providing same for responses to requests for production). On October 7, 2013, the trial court entered an agreed order granting the motion and providing Jenkins and Murdock ten additional days to respond. The extent to which counsel complied with the order is unclear from the record.

On June 2, 2014, the trial court entered a form order setting a case management conference for July 9, 2014. It stated that "failure to appear will result in dismissal of the case." Counsel for Jenkins and Murdock failed to appear at the conference. Following the case management conference, the trial court entered a form order that contained a section providing for dismissal. The trial court checked a box reading that "Defendant appeared; however, Plaintiff failed to appear. The above styled case is hereby dismissed without prejudice." The order contained no other findings.

Counsel filed a verified motion for rehearing, an unverified motion to vacate the judgment, and a verified motion to vacate the judgment. He alleged that he had not received notice of the case management conference and that had he received such notice, he would have appeared as required. Counsel asked the trial court to issue sanctions against him rather than dismissing the case as to his clients, because

his clients had not been responsible for counsel's failure to appear at the case management conference. The trial court denied all three motions.

Rule 1.200(c) authorizes a trial court to order a case management conference and to dismiss an action where a party fails to attend such a conference. However, where a trial court dismisses a suit for failure to attend a case management conference, its order must "contain findings that the party's actions were flagrant, willful, persistent, or otherwise aggravated." Drakeford v. Barnett Bank of Tampa, 694 So. 2d 822, 824 (Fla. 2d DCA 1997) (citing Clark v. Sturks, 668 So. 2d 1106, 1107 (Fla. 2d DCA 1996)); see also Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So. 2d 1271 (Fla. 1990). A trial court's failure to comply with that requirement takes on special significance where, as here, the expiration of the statute of limitations makes the dismissal a dismissal with prejudice "for all practical purposes." See Anthony v. Schmidtt, 557 So. 2d 656, 662 (Fla. 2d DCA 1990); see also Martinez v. Collier Cty. Pub. Sch., 804 So. 2d 559, 560 (Fla. 1st DCA 2002).

Although the transcript of the hearing on the motion to vacate reflects understandable skepticism on the part of the trial court about counsel's explanation for his failure to attend the case management conference, neither the trial court's form order of dismissal, nor its orders denying Jenkins' and Murdock's postdismissal motions, nor the relevant transcripts contain findings that the failure to attend was willful, flagrant, persistent, or otherwise aggravated. Accordingly, we are required to reverse the order dismissing the case and remand for further proceedings. See Anthony, 557 So. 2d at 662. Our reversal renders Jenkins' and Murdock's contention that they were denied due process moot, and we do not address it.

On remand, the trial court is free to conduct such proceedings with respect to counsel's failure to attend the case management conference, if any, as it sees fit. We express no judgment as to whether the facts of record or those that might be adduced in proceedings on remand warrant a dismissal of the action. We note, however, that absent evidence of client consent to or participation in the attorney's misconduct, it is typically more appropriate to sanction an attorney for his failings than to require his clients to suffer the pains of the attorney's errors or omissions. See id.

Reversed and remanded for further proceedings.


ALTENBERND and KELLY, JJ., Concur.