KLINGENSMITH, J.
In this foreclosure action, Bank of America, N.A. (“BOA”) failed to comply with the trial court’s discovery order directing the parties to exchange witness and exhibit lists within ten days. The order warned that noncompliance could result in dismissal or striking of the' ease, witnesses, or exhibits. After BOA submitted its disclosures to Maria Ribaudo well after the ten-day period, and only three days before the scheduled non-jury trial, the trial court struck BOA’s only witness due to its disregard for the discovery order, and dismissed the case with prejudice.
Ribaudo agrees with BOA that the trial court erred by failing to make required findings pursuant to Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993), prior to dismissing the action, and concedes that the case should be remanded. Regardless of her concession on the Kozel issue, BOA has failed to preserve the trial court’s errors for appeal. Therefore, we affirm.
“We review dismissals for failing to comply with discovery orders for an abuse of discretion.” PNC Bank, NA v. Duque, 137 So.3d 476, 478 (Fla. 4th DCA 2014).
Ribaudo argued below that dismissal was appropriate because there was no justification for BOA’s non-compliance with the discovery order, BOA’s tactics amounted to trial by ambush, and she had been prejudiced by the late disclosure. BOA responded by requesting that the court grant a continuance so the case could be decided on the merits. The trial judge expressed frustration over the fact that BOA (and other lenders) had repeatedly demonstrated an indifference towards discovery orders in other cases, noted the prejudice to Ribaudo occasioned by the late disclosure in this case, and granted the motion to dismiss based on BOA’s willful disregard of the court’s order. This timely appeal followed.
We have held time and time again (and apparently must do so once more) that before a case can be dismissed as a sanction for a discovery violation, the trial court must consider the six factors established in Kozel to determine if dismissal is appropriate, and set forth explicit findings of fact in the order that imposes the sanction of dismissal. See, e.g., Chappelle v. S. Fla. Guardianship Program, Inc., 169 So.3d 291, 294 (Fla. 4th DCA 2015) (“We have consistently required the record to show an express consideration of the Kozel factors.” (quoting Vista St. Lucie Ass’n v. Dellatore, 165 So.3d 731, 735 (Fla. 4th DCA 2015))).
Ordinarily, a trial court’s failure to address the Kozel factors would constitute reversible error, provided that the error has been preserved. See id. at 293-95 (reversing and remanding for failure to consider Kozel factors where issue was raised in timely motion for reconsideration); see also Dellatore, 165 So.3d at 733-36 (reversing and remanding in part for failure to consider Kozel factors where issue was raised in timely motion for rehearing); Heritage Circle Condo. Ass’n v. State, Fla. Dep’t of Bus. & Prof'l Regulation, Div. of Condos., Timeshares & Mobile Homes, 121 So.3d 1141, 1144 n. 1 (Fla. 4th DCA 2013) (concluding that the appellant had sufficiently preserved the Kozel issue where, despite the fact that there was never a hearing on appellee’s motion for default for failure to comply with discovery requests, appellant had “raise[d] Kozel factual matters” in a timely motion for rehearing).
*409 Here, it is clear that the trial court never considered the Kozel factors on the record or in its final order. Additionally, we also note that the court struck BOA’s only witness without considering any of the factors set forth in Binger v. King Pest Control, 401 So.2d 1310, 1313-14 (Fla. 1981). However, BOA did not raise either of these issues at the hearing on the mo.tion to dismiss or by subsequently filing a motion for rehearing or reconsideration.
As such, despite the trial court’s clear errors, we are unable to address them on appeal. See, e.g., Sunset Harbour Cpndo. Ass’n v. Robbins, 914 So.2d 925, 928 (Fla. 2005) (“In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.” (quoting Tillman, v. State, 471 So.2d 32, 35 (Fla.1985))). Accordingly, we affirm the trial court’s order of dismissal.

Affirmed.

GROSS and FORST, JJ., concur.