IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

THE BANK OF NEW YORK MELLON, ETC.,

     Appellant,

 v.

Case No. 5D14-2313

SARAH SANDHILL AND PETER SANDHILL,

     Appellees.

_____/

Opinion filed October 28, 2016

Appeal from the Circuit Court
for Osceola County,
Robert J. Pleus, Jr., Senior
Judge.

Jacqueline Costoya, of Kelley Kronenberg,
Fort Lauderdale, and Ronald Scott Kaniuk,
and Richard S. Lubliner, of Greenstein and
Associates, LLP, West Palm Beach, for
Appellant.

James E. Toale, Aaron Alfano, and Alan E.
Tannenbaum, of Tannenbaum Law Group,
PL, Sarasota, for Appellees.

EDWARDS, J.

     The Bank of New York Mellon ("Appellant") appeals the trial court's dismissal of its

mortgage foreclosure action against Sarah and Peter Sandhill ("Appellees"). The trial

court based the dismissal upon Appellant's repeated failure to comply with orders to

provide appropriate discovery responses. We affirm the dismissal and remind counsel of

the requirement to provide the trial court with an opportunity to rule upon an issue before seeking appellate review.

Appellees served a discovery request on Appellant. Appellant first sought an extension of time. It then filed blanket objections to the discovery request but also provided 300 documents in response to Appellees' request for production and certain responses to Appellees' interrogatories. Appellees sought more complete discovery responses, first informally, and then through a motion to compel, which the trial court granted on June 27, 2013. Appellant concedes that its prior counsel took no action in response to that order which required supplemental responses. After a hearing on February 20, 2014, the trial court ordered Appellant to provide better responses regarding two of the interrogatories or "the court will consider dismissal." On May 27, 2014, the trial court granted Appellees' April 10, 2014, motion to dismiss for failure to comply with the trial court's previous discovery order.

Appellant asserts that its prior counsel, rather than Appellant itself, was to blame for the discovery order violations. Appellant's primary arguments on appeal are that the trial court failed to consider or discuss its analysis of the *Kozel* factors. *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993). The Florida Supreme Court laid out six factors for a trial court to consider in determining whether dismissal is the appropriate sanction "in those situations where the attorney, and not the client is responsible for the error." *Id.* at 818. The *Kozel* factors are:

> 1) [W]hether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or

2

in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.

*Id.* Before ordering dismissal, the trial court must consider all of the *Kozel* factors in making its decision. *Deutsche Bank Nat'l Trust Co. v. Lippi*, 78 So. 3d 81, 86 (Fla. 5th DCA 2012) ("[T]he lower court's failure to consider the *Kozel* factors when deciding whether to dismiss a case with prejudice, by itself, is sufficient reason to remand the matter for application of the proper standard."); *see also Bennett v. Tenet St. Mary's, Inc.*, 67 So. 3d 422, 424 (Fla. 4th DCA 2011) ("[B]ecause the trial court failed to expressly set forth an analysis of the *Kozel* factors prior to dismissal, we reverse and remand for written findings on that order."). As the subject order of dismissal simply granted the motion without setting forth any explanation for its ruling or any analysis utilizing the *Kozel* factors, Appellant argues that it is entitled to reversal for that reason alone.

However, in order to preserve as error the failure of the trial court to set forth its *Kozel* analysis in the order of dismissal, the Appellant was obligated to bring the matter to the trial court's attention by filing a timely motion for rehearing or clarification with a specific request for inclusion of the *Kozel* factor analysis in an amended order. The Fourth District addressed this preservation issue in *Bank of America, N.A. v. Ribaudo,* 199 So. 3d 407 (Fla. 4th DCA 2016). "Ordinarily, a trial court's failure to address the *Kozel* factors would constitute reversible error, provided that the error has been preserved." *Ribaudo,* 199 So. 3d at 408. In *Ribaudo*, when plaintiff's complaint was dismissed by an order with no *Kozel* factor analysis included, the plaintiff immediately appealed, rather than seeking rehearing or reconsideration. *Id.* "[D]espite the trial court's clear errors, we are unable to

3

address them on appeal." *Id.* (citing *Sunset Harbour Condo. Ass'n. v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005)).

We have held in other situations that a party must move for rehearing or similarly provide the trial court with an opportunity to set forth mandatorily required factual findings before seeking appellate review based upon the absence or insufficiency of factual findings. "[W]e will treat the lack of adequate findings as an unpreserved error unless previously brought to the trial court's attention." *Mathieu v. Mathieu*, 877 So. 2d 740, 741 (Fla. 5th DCA 2004). Appellant did not provide this court with a transcript of the hearing that resulted in dismissal of the case; thus, we do not know what arguments were made nor what the trial court may have considered. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150 (Fla. 1979).[1]

For the reasons set forth above, we affirm.

AFFIRMED

TORPY and EVANDER, JJ., concur.

---

[1] While we need not reach the merits, a party's repeated failures to comply with serial discovery orders where at least one order warns of the potential for dismissal, can, under certain circumstances, justify a finding of willful noncompliance and dismissal. *See Ledo v. Seavie Resources, LLC*, 149 So. 3d 707, 711 (Fla. 3d DCA 2014); *Johnson v. Allstate Ins. Co.*, 410 So. 2d 978, 979-80 (Fla. 5th DCA 1982).