NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CARLOS TRAMONTANA, individually
and as trustee under a trust agreement,
and known as Trust No. 440, dated
August 31, 2012,

      Appellant,

v.

                             Case No. 2D16-2990

BANK OF NEW YORK MELLON f/k/a
The Bank of New York, as trustee, on
behalf of the holders of the Alternative
Loan Trust 2005-51, Mortgage
Pass-Through Certificates Series 2005-51;
and 440 WEST, INC.,

      Appellees.

Opinion filed November 15, 2017.

Appeal from the Circuit Court for Pinellas
County; Pamela A.M. Campbell, Judge.

Ian P. Hudson of The Law Office of Francis
M. King, St. Petersburg, for Appellant.

Sarah T. Weitz of Weitz & Schwartz, P.A.,
Fort Lauderdale, for Appellee Bank of New
York Mellon.


LaROSE, Chief Judge.

Carlos Tramontana appeals the final judgment of foreclosure entered in favor of Bank of New York Mellon (BNYM). He maintains that BNYM failed to establish the amounts due and owing. We have jurisdiction. <u>See</u> Fla. R. App. P. 9.030(b)(1)(A). We affirm the judgment.

Mr. Tramontana argues that the trial court erred in admitting BNYM's loan payment history, which included records from prior loan servicers. He contends that BNYM failed to prove that the records qualified as business records under the evidence code. <u>See</u> § 90.803(6), Fla. Stat. (2014). BNYM could have established these documents as business records either by "providing evidence of a business relationship or contractual obligation between the parties that ensures a substantial incentive for accuracy" or "establish[ing] trustworthiness by independently confirming the accuracy of the third-party's business records upon receipt." <u>Bank of New York v. Calloway</u>, 157 So. 3d 1064, 1072 (Fla. 4th DCA 2015). Mr. Tramontana argues that the record fails to show that BNYM verified the prior servicers' records or offered any witness testimony to establish such verification.

Fatally, there is no trial transcript. Without a transcript, and in the absence of fundamental error on its face, an appellate court will affirm a trial court's decision. <u>See</u> <u>Applegate v. Barnett Bank of Tallahassee</u>, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not [sic] properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."); <u>see also</u> <u>1321 Whitfield, LLC v. Silverman</u>, 67 So. 3d 435, 437 (Fla. 2d DCA 2011) (affirming final judgment of

foreclosure where, due to absence of hearing transcript, this court was unable to meaningfully review the trial court's findings).

In this case, there is no record of the trial testimony, any objections, or the trial court's rulings on such objections. The record simply reflects that the trial court admitted the loan payment history into evidence. Further, the record is devoid of any evidence introduced by Mr. Tramontana to disprove the amounts reflected in the loan payment history. Without a transcript, Mr. Tramontana cannot prove that BNYM failed to establish amounts due and owing or that the trial court reversibly erred. See Snowden v. Wells Fargo Bank, 172 So. 3d 506, 507-08 (Fla. 1st DCA 2015).

Affirmed.


LUCAS and BADALAMENTI, JJ., Concur.