DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RACHEL SHELSWELL,**
Appellant,

v.

**PIERRE BOURDEAU,**
Appellee.

No. 4D17-174

[February 21, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 12-34886 (12).

Brian J. Glick of Glick Law Firm, P.A., Boca Raton, for appellant.

W. Tucker Craig and Scott C. Cochran of Billing, Cochran, Lyles, Mauro & Ramsey, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

Appellant Rachel Shelswell appeals a final order effectively dismissing her negligence suit with prejudice due to her prior counsel's failure to appear at a case management conference. Shelswell argues that her counsel's failure to appear was the result of mistake, inadvertence, or excusable neglect, and that the final order was deficient for failing to include an express finding that her counsel's failure to appear was willful and contumacious. We reject both arguments on appeal and affirm.

It is well-settled that a final order dismissing a case with prejudice, because counsel failed to attend a case management conference, must include a factual finding that the failure to attend was "willful, deliberate, or contumacious, rather than an act of negligence or inexperience." *Kozel v. Ostendorf*, 629 So. 2d 817, 818 (Fla. 1993); *see also Kaufman ex rel. Yelnick v. FS Tenant Pool III Tr.*, 87 So. 3d 1228, 1229 (Fla. 4th DCA 2012) ("Failure to include a finding of such willful and contumacious behavior in its order dismissing the case with prejudice is an abuse of discretion by the trial court."). The final order in this case was deficient as it failed to address the *Kozel* factors.

However, it is equally "well settled that the rule of preservation applies to the improper dismissal of a complaint with prejudice." *Vorbeck v. Betancourt*, 107 So. 3d 1142, 1147 (Fla. 3d DCA 2012). In *Bank of America, N.A. v. Ribaudo*, 199 So. 3d 407 (Fla. 4th DCA 2016), we refused to reverse a final order that failed to address the necessary *Kozel* factors because the appellant bank "did not raise [the issue] at the hearing on the motion to dismiss or by subsequently filing a motion for rehearing or reconsideration." *Id.* at 409; *see also Gozzo Dev., Inc. v. Prof'l Roofing Contractors, Inc.*, 211 So. 3d 145, 146 (Fla. 4th DCA 2017) (Lee, J., concurring) ("[A]ppellant cannot now be heard to complain about the trial court's not making findings pursuant to *Kozel* when appellant failed to request the trial court to do so."); *Bank of N.Y. Mellon v. Sandhill*, 202 So. 3d 944, 945 (Fla. 5th DCA 2016) ("[I]n order to preserve as error the failure of the trial court to set forth its *Kozel* analysis in the order of dismissal, the Appellant was obligated to bring the matter to the trial court's attention by filing a timely motion for rehearing or clarification with a specific request for inclusion of the *Kozel* factor analysis in an amended order.").

Here, Shelswell, by way of her replacement trial attorney, did not raise the *Kozel* issue at any point in the proceedings below, such as through a motion for rehearing or clarification filed within fifteen days of the trial court's order. Fla. R. Civ. P. 1.530(b). Instead, Shelswell's counsel filed an appeal with this Court and then failed to take the opportunity to move for relinquishment of jurisdiction to the trial court. In this appeal, we are urged to consider an affidavit purporting to excuse the initial counsel's failure to attend the case management conference. But, because the document "was never submitted to the trial court and is not part of the record, its inclusion in the appendix was improper." *Sandefur v. RVS Capital, LLC*, 183 So. 3d 1258, 1260 n.3 (Fla. 4th DCA 2016).

"In the interest of an efficient judicial system and in the interest of clients, it is essential that attorneys adhere to filing deadlines and other procedural requirements." *Kozel*, 629 So. 2d at 818. By failing to first attend the case management conference, and then failing to file a motion for rehearing or clarification or relinquishment, Shelswell's attorneys' conduct ran contrary to the interests of their client, a minor child who had been involved in a car accident. Thus, as in *Ribaudo*, "despite the trial court's clear errors, we are unable to address them on appeal." *Ribaudo*, 199 So. 3d at 409. Accordingly, we affirm the trial court's order of dismissal.

*Affirmed.*

TAYLOR, FORST and KLINGENSMITH, JJ., concur.

2

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***