# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA
_____

Case No. 5D2023-0945
LT Case No. 2022-CC-000308
_____

EDMOND WEEKS and TAMARA
CASEY,

    Appellants,

    v.

UNIVERSAL PROPERTY and
CASUALTY INSURANCE COMPANY,

    Appellees.

_____

On appeal from the County Court for Citrus County.
Edward C. Spaight, Judge.

Barbara M. Hernando and Dean Markis, of Markis & Mullinax, P.A., Tampa, for Appellants.

Paulo R. Lima and Elizabeth K. Russo, of Russo Appellate Firm, P.A., Miami, and Jayson A. Serrano, of Groelle & Salmon, P.A., Tampa, for Appellees.

October 8, 2024

WALLIS, J.

    Edmond Weeks and Tamara Casey (Appellants) appeal the trial court's dismissal of their case with prejudice following their attorney's failure to appear at a case management conference.

In this county court case, Appellants filed a cause of action asserting a claim for breach of contract for failure to acknowledge and pay a covered loss under their homeowners' insurance policy. In November 2022, the trial court entered an Order to Appear Remotely for Case Management Conference on January 19, 2023. The order warned, "Plaintiff(s) MUST APPEAR for the hearing on the date specified to avoid having the case dismissed for lack of prosecution." Appellants' attorney failed to appear at the scheduled conference. One day later, the court dismissed Appellants' case with prejudice for lack of prosecution.

Appellants filed a motion to vacate the dismissal order and a supporting affidavit from their attorney attesting that his failure to appear resulted from excusable neglect by failing to calendar the hearing. They also argued that the court had failed to make a required finding that their failure to appear was willful. Before obtaining a ruling on the motion, however, Appellants timely filed a notice of appeal. Subsequently, the trial court granted Appellants' motion to vacate for excusable neglect, but later vacated its previous order granting relief, finding that it was entered in error because the dismissal order from which Appellants sought relief was not a final judgment.

On appeal, Appellants raise three challenges to the dismissal order. First, they argue that the trial court failed to find that their failure to appear was willful. While they are undoubtedly correct, this argument was not properly preserved for appeal and does not amount to fundamental error. *See Shelswell v. Bourdeau*, 239 So. 3d 707, 708 (Fla. 4th DCA 2018) (holding that despite trial court's clear error in failing to find plaintiff's counsel's failure to appear at case management conference was willful and contumacious, appellate court was unable to address error because appellant did not raise lack of required findings argument before appealing); *see generally Hickmon v. Rachel Bushey Reese, P.A.*, 275 So. 3d 841, 842 (Fla. 1st DCA 2019) ("Generally, 'the rule of preservation applies to the improper dismissal of a complaint with prejudice.'" (quoting *Shelswell*, 239 So. 2d at 842)). Although Appellants raised this argument in their motion to vacate, they filed a notice of appeal before obtaining a ruling on it, thus divesting the trial court of jurisdiction to rule on the motion. *See Duryea v. Bono*, 249

2

So. 3d 780, 781 (Fla. 2d DCA 2018); *Herbits v. City of Miami*, 197 So. 3d 575, 579 (Fla. 3d DCA 2016).[1]

Second, Appellants argue the trial court violated their due process rights by failing to consider their motion to vacate. As noted above, the trial court lacked jurisdiction to address their motion to vacate once they filed a notice of appeal.

Third, Appellants assert that the dismissal with prejudice violated due process because the prior Order to Appear Remotely for Case Management Conference failed to place them on notice that their case would be dismissed with prejudice if they failed to appear. Instead, the order warned that failing to appear would result in a dismissal for lack of prosecution, which, by caselaw, is without prejudice. *See Dubow v. Acree*, 148 So. 3d 146 (Fla. 2d DCA 2014); *Harrison v. Griffin*, 443 So. 2d 499 (Fla. 1st DCA 1984).

Although Appellants did not make this argument to the trial court, we address this due process violation as a matter of fundamental error. *See, e.g.*, *Kirkpatrick Tr. v. Lakeview Loan Servs., LLC*, 377 So. 3d 650, 652 (Fla. 5th DCA 2024). It was error for the trial court to sua sponte dismiss a case with prejudice without proper notice of intent to consider imposing such a sanction. *See Michaels v. Johnson*, 385 So. 3d 624 (Fla. 4th DCA 2024); *NYC Constr. Grp., Inc. v. Jerome*, 333 So. 3d 790 (Fla. 4th DCA 2022).[2]

---

[1] In addition, lack of required findings is not a proper basis for relief under Florida Rule of Civil Procedure 1.540. Instead, Appellants should have raised this argument in an authorized and timely motion for rehearing. *See* Fla. R. Civ. P. 1.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule.").

[2] It was also error to sua sponte dismiss Appellants' case with prejudice, without a hearing affording Appellants the right to be heard. *See, e.g.*, *Medina v. Fla. E. Coast Ry., LLC*, 866 So. 2d 89, 90 (Fla. 3d DCA 2004) (noting that dismissal as a sanction should

We reverse the dismissal order and remand with instructions for the court to reconsider the motion for relief from judgment.

REVERSED and REMANDED, with instructions.

SOUD, J., concurs.
KILBANE, J., dissenting, with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

only be employed in extreme circumstances and only after the plaintiff has been given fair notice and an opportunity to be heard).

4

KILBANE, J., dissenting.

Because I would not undertake a fundamental error review and would instead relinquish jurisdiction pursuant to Florida Rule of Appellate Procedure 9.600(b), I respectfully dissent.

Here, Appellants filed a Florida Rule of Civil Procedure 1.540(b) motion for relief from judgment, the same motion they would have filed in response to the dismissal order had they been forewarned that a dismissal with prejudice was a possibility. *See* Fla. R. Civ. P. 1.540(b) ("On motion and upon such terms as a just, the court may relieve a party . . . from the final . . . order . . . .").[1] Because this motion was not heard prior to Appellants filing a notice of appeal, the trial court is without jurisdiction to address it. If we were to relinquish jurisdiction pursuant to rule 9.600(b), as we are permitted to do, giving the trial court an opportunity to address the issue, the arguments contained therein would be preserved for our review thereby avoiding this unnecessary fundamental error analysis altogether. *See Jenkins v. Allstate Prop. and Cas. Ins. Co.,* 185 So. 3d 675 (Fla. 2d DCA 2016) (reversing dismissal with prejudice after a failure to appear at case management on a failure to make required findings rendering the due process argument moot).

Although Appellants did not ask this court to relinquish jurisdiction for determination of their rule 1.540(b) motion below, they equally did not ask for this court to conduct a fundamental

---

[1] While the majority is correct that Appellant's required findings argument was not cognizable under rule 1.540, that is not the only argument presented in Appellants' motion. The motion also states "[a]s outlined in the affidavit of Dean Markis, Esq., filed contemporaneously with this motion, the failure to appear at the hearing was due to a mistake, and isolated incident of human error. Accordingly, relief from the final judgment is appropriate pursuant to Florida Rule of Civil Procedure 1.540(b)(1)." This was a proper argument to be brought in a rule 1.540(b) motion in the face of an order purporting to dismiss the case with prejudice.

error review. While relinquishing jurisdiction is not preferred, this court is not precluded from doing so. The text of rule 9.600(b) allows appellate courts to use their discretion in relinquishing jurisdiction stating in part, "the court by order *may* permit the lower tribunal to proceed with specifically stated matters during the pendency of the appeal." (emphasis added). I would argue that if the appellate court is faced with exercising its discretion to either relinquish jurisdiction to the lower court to rule on a motion that would preserve any substantive argument for appeal should that appeal still be necessary or to instead exercise its discretion to engage in sua sponte fundamental error review and find a violation of due process, it should do the former.

I further question the majority's conclusion that the error here is fundamental error. "An error is 'fundamental' only when it is one that 'goes to the foundation of the case or the merits of the cause of action *and is equivalent to a denial of due process.*'" *Washington v. State,* 328 So. 3d 364, 368 (Fla. 2021) (quoting *J.B. v. State,* 705 So. 2d 1376, 1378 (Fla. 1998)). Notably, "[f]undamental error will be found 'only in the *rare cases* where a jurisdictional error appears or where the interests of justice present *a compelling demand* for its application." *Monzon v. R.J. Reynolds Tobacco Co.*, 388 So. 3d 930, 931 (Fla. 3d DCA 2024) (emphasis added) (quoting *Ray v. State*, 403 So. 2d 956, 960 (Fla. 1981)). The existence of an alternative path for Appellants to have their issue addressed negates any "compelling demand" for a fundamental error review.

The majority notes that because the warning concerned dismissal for lack of prosecution, that any dismissal on that basis would have been without prejudice. While that observation is factually correct, it does nothing to change the inescapable conclusion that Appellants were expressly apprised that their case could be dismissed in the event of a failure to appear. Once that failure to appear occurred, the promise of the dismissal followed. While the dismissal being with prejudice instead of without prejudice no doubt constituted error, it did not constitute a due process violation necessitating a fundamental error review,[2]

---

[2] If dismissal is a potential sanction for nonappearance at a case management conference, the order must notify the parties of

6

especially in light of the additional avenue of relinquishment available here. If any due process issue exists, it was one created by this court's decision not to relinquish jurisdiction to have Appellants' rule 1.540(b) motion heard.

In conclusion, not only do Appellants argue due process without the attendant fundamental error analysis, but the only reason fundamental error review is arguably necessary is because this court did not relinquish this case to have the trial court rule on the pending rule 1.540(b) motion. Pursuant to rule 9.600(b), this court has such authority, and I would argue that authority should be exercised when the alternative is to reach the desired result via sua sponte fundamental error review. Once the trial court properly ruled on the rule 1.540(b) motion below, if a continuation of the appeal was necessary, one could have been undertaken on the arguments preserved below. Instead, the majority's approach needlessly blurs the critical distinction

---

such. *See Luley v. Danto Builders, LLC,* 373 So. 3d 640, 641 (Fla. 4th DCA 2023) (requiring a party be given notice of the court's intention to dismiss as sanction for failure to appear). Dismissing a cause for failing to appear without such warning is a violation of a party's due process right to notice and an opportunity to be heard. *See id.* The notice at issue warned Appellants that they must appear at a case management conference "to avoid having the case dismissed for lack of prosecution." Because that warning was sufficient to put Appellants on notice that dismissal was a possibility, the majority's reliance on *Michaels v. Johnson*, 385 So. 3d 624 (Fla. 4th DCA 2024), is misguided. In *Michaels*, the trial court's order referring the parties to arbitration failed to contain *any* language that failure to comply with the order could result in dismissal or other sanctions. *Id.* at 625. Nine months after issuing that order, the trial court sua sponte dismissed the plaintiff's action as a sanction for failing to comply. *Id.* The complete absence of any notice in *Michaels* strikes me as markedly different than the notice provision at issue in this case, a notice, which, again, more than adequately warned Appellants that dismissal was a possibility. Additionally, cases remarking on this point in case management conference orders are legion, but in my view, equally irrelevant.

7

between ordinary legal errors and true violations of due process. Therefore, I respectfully dissent.