# Third District Court of Appeal

## State of Florida

Opinion filed March 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0774
Lower Tribunal No. 18-42866-CA-01
_____

**Evan J. Weiss, et al.,**
Appellants,

vs.

**Greenspoon Marder, P.A., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

KSW Legal, PA, and Kraig S. Weiss (Coral Springs), for appellants.

Greenspoon Marder, LLP, and John H. Pelzer (Fort Lauderdale), for appellees.


Before EMAS, FERNANDEZ and GORDO, JJ.

PER CURIAM.

Affirmed. See Bistricer v. Oceanside Acquisitions, LLC, 59 So. 3d 215, 216 (Fla. 3d DCA 2011); Sunset Harbour Condo. Ass'n. v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) (issues that are not properly preserved are deemed waived, and an issue cannot be raised for the first time on appeal); In re: Amends. to Fla. Rule of Civ. Proc. 1.530, 346 So. 3d 1161, 1162 (Fla. 2022) ( "To preserve for appeal a challenge to the sufficiency of a trial court's findings in the final judgment, a party must raise that issue in a motion for rehearing under this rule."); Carbonell v. Glade, 394 So. 3d 679, 681, 684 n.4 (Fla. 3d DCA 2024) (disagreeing with defendants' argument that striking defendants' pleadings was improper without the court making an express finding of willfulness and finding that "defendants failed to preserve the issue by raising it in their motion for rehearing"); Bank of Am., N.A. v. Ribaudo, 199 So. 3d 407, 409 (Fla. 4th DCA 2016) (finding that the court would not consider the Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993) argument because the appellant "did not raise. . . these issues. . . by subsequently filing a motion for rehearing or reconsideration"); Bank of N.Y. Mellon v. Sandhill, 202 So. 3d 944, 946 (Fla. 5th DCA 2016) ("We have held in other situations that a party must move for rehearing or similarly provide the trial court with an opportunity to set forth mandatorily required factual findings before seeking appellate review based upon the absence or insufficiency of

2

factual findings."); <u>A-1 Pro. Asphalt, LLC v. The N. Groves Condo. Ass'n., Inc.</u>, 372 So. 3d 1278, 1278 (6th DCA 2023) (citing to <u>Sandhill</u> for the proposition that "to preserve [a] trial court error in <u>Kozel</u> context, appellant needed to raise absence of trial court analysis in motion for rehearing"); <u>Sanderson v. Karch</u>, 257 So. 3d 1091, 1091 (Fla. 4th DCA 2018) (citing to <u>Ribaudo</u> for the proposition that trial court's alleged errors and failing to consider <u>Kozel</u> factors before dismissing a complaint could not be reviewed on appeal due to the sanctioned party's failure to "raise either of these issues at the hearing on the motion to dismiss or by subsequently filing a motion for rehearing or reconsideration").