# Third District Court of Appeal
## State of Florida

Opinion filed August 20, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1951
Lower Tribunal No. 19-36843-CA-01
_____


**Yaquelin Colls,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Pedraza Law, P.A., and Malcolm R. Pedraza (Fort Lauderdale), for appellant.

Traub Lieberman Straus & Shrewsberry LLP, David T. Burr, Scot E. Samis, and C. Ryan Jones (St. Petersburg), for appellee.


Before SCALES, C.J., and MILLER, and BOKOR, JJ.

PER CURIAM.

Appellant, Yaquelin Colls, appeals from an order denying her an award of attorney's fees after she prevailed in her first-party property lawsuit. We affirm without prejudice to the litigation and adjudication of appellant's pending motions to vacate filed under Florida Rule of Civil Procedure 1.540(b). See Bank of Am., N.A. v. Ribaudo, 199 So. 3d 407, 409 (Fla. 4th DCA 2016) (affirming dismissal because "despite the trial court's clear error," the court held it was "unable to address them on appeal" since the appellant did not raise the Kozel[1] issue "at the hearing on the motion to dismiss or by subsequently filing a motion for rehearing or reconsideration"); Bank of N. Y. Mellon v. Sandhill, 202 So. 3d 944, 945 (Fla. 5th DCA 2016) ("[I]n order to preserve as error the failure of the trial court to set forth its Kozel analysis in the order of dismissal, the Appellant was obligated to bring the matter to the trial court's attention by filing a timely motion for rehearing or clarification with a specific request for inclusion of the Kozel factor analysis in an amended order."); see also A-1 Pro. Asphalt, LLC v. The N. Groves Condo. Ass'n, Inc., 372 So. 3d 1278, 1278 (Fla. 6th DCA 2023) (citing Sandhill for the proposition that "to preserve trial court error in Kozel context, appellant needed to raise absence of trial court analysis in motion for rehearing").

Affirmed.

---

[1] Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993).