# Third District Court of Appeal

## State of Florida

Opinion filed October 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0519
Lower Tribunal No. 20-19594-CA-01

_____

**Leslie Castro,**
Appellant,

vs.

**Heritage Property & Casualty Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Stephan Lopez Law Firm, LLC and Stephan Lopez, for appellant.

Kubicki Draper and Angela C. Flowers (Ocala), for appellee.

Before FERNANDEZ, MILLER and GOODEN, JJ.

PER CURIAM.

Affirmed. See Carbonell v. Glade, 394 So. 3d 679, 681 (Fla. 3d DCA 2024) (stating that an appellate court reviews a trial court's dismissal order for failure to comply with a trial court order under an abuse of discretion standard); Bank of America, N.A. v. Ribaudo, 199 So. 3d 407, 409 (Fla. 4th DCA 2016) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." (citation omitted)); Sunset Harbour Condo. Ass'n. v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) (same); Bank of New York Mellon v. Sandhill, 202 So. 3d 944, 945-46 n. 1 (Fla. 5th DCA 2016) ("[I]n order to preserve as error the failure of the trial court to set forth its Kozel [v. Ostendorf, 629 So. 2d 817, 818 (Fla. 1993)] analysis in the order of dismissal, the Appellant was obligated to bring the matter to the trial court's attention by filing a timely motion for rehearing or clarification with a specific request for inclusion of the Kozel factor analysis in an amended order. . . . [A] party's repeated failures to comply with serial discovery orders where at least one order warns of the potential for dismissal, can, under certain circumstances, justify a finding of willful noncompliance and dismissal."); Shelswell v. Bourdeau, 239 So. 3d 707, 709 (Fla. 4th DCA 2018) (same); Ham v. Dunmire, 891 So. 2d 492, 500 (Fla. 2004) (stating there is no

requirement that a trial court must conduct an evidentiary hearing prior to dismissing a case); Garcia-Mathies Interiors, Inc. v. Peré, 259 So. 3d 213, 215 n. 1 (Fla. 3d DCA 2018) (quoting Ham, 891 So. 2d at 500) ("The Florida Supreme Court rejected the argument that a trial court abuses its discretion 'by not conducting an evidentiary hearing prior to dismissing the case' as a sanction for a discovery violation."); Ofer v. Bernstein, 327 So. 3d 901, 902 (Fla. 3d DCA 2021) (quoting Ham, 891 So. 2d at 497-500) ("[N]either an evidentiary hearing nor a finding that all of the Kozel factors weigh in favor of dismissal with prejudice is required for a trial court to exercise the 'ultimate sanction of dismissal[.]'").