DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

————————————————

IGOR RACHKOV and BEST FUTURE HOMES, INC.,

Appellants,

v.

OLGA MEDVEDNIK and ELLARIY MEDVEDNIK,

Appellees.

No. 2D2025-1641

————————————————

April 8, 2026

Appeal from the Circuit Court for Sarasota County; Danielle Brewer,
Judge.

Gregg Horowitz of the Law Offices of Gregg M. Horowitz, P.A., Sarasota,
for Appellants.

Albert J. Tiseo, Jr., of Goldman, Tiseo & Sturges, P.A., Port Charlotte, for
Appellees.


SLEET, Judge.

Igor Rachkov and Best Future Homes, Inc., appeal from the final
summary judgment entered against them as defendants to a fraud and
breach of contract action brought by Olga and Ellariy Medvednik.
Rachkov is a general contractor and the president of Best Future.  In
their complaint, the Medvedniks alleged that they paid Rachkov and Best
Future more than $100,000 pursuant to contract by which Rachkov and

Best Future were to construct two single-family homes for the Medvedniks. The Medvedniks further alleged that none of the contracted construction work was performed and that their payments were not reimbursed. During the pendency of the litigation, Rachkov, individually and as the corporate representative of Best Future, failed to appear for his scheduled depositions, thereby disobeying discovery orders issued by the trial court. In response, the Medvedniks filed a motion seeking sanctions and entry of summary judgment. Following a hearing on that motion, the trial court struck the pleadings of Rachkov and Best Future and entered final summary judgment against them in favor of the Medvedniks. We affirm.

On appeal, Rachkov and Best Future argue that the trial court erred in striking their pleadings without considering and making written findings on the factors set forth in *Kozel v. Ostendorf*, 629 So. 2d 817, 818 (Fla. 1993). However, they have failed to preserve this argument for appellate review. *See Bank of N.Y. Mellon v. Sandhill*, 202 So. 3d 944, 945 (Fla. 5th DCA 2016) ("[I]n order to preserve as error the failure of the trial court to set forth its *Kozel* analysis in the order of dismissal, the [a]ppellant was obligated to bring the matter to the trial court's attention by filing a timely motion for rehearing or clarification with a specific request for inclusion of the *Kozel* factor analysis in an amended order."); *Bank of Am., N.A. v. Ribaudo*, 199 So. 3d 407, 409 (Fla. 4th DCA 2016). Rachkov and Best Future did not file a motion for rehearing or reconsideration, nor can they establish what arguments were made below because the hearing that resulted in the sanction was not transcribed.

Furthermore, *Kozel* findings are only required when it is the attorney who is responsible, in whole or in part, for the failure to comply

2

with orders of the court.  *See Kozel*, 629 So. 2d at 818 (explaining that "[i]n the interest of an efficient judicial system and in the interest of clients, it is essential that attorneys adhere to . . . procedural requirements" but noting that "a fine, public reprimand, or contempt order may often be the appropriate sanction to impose on an attorney in those situations where the attorney, and not the client, is responsible for the error" and adopting factors that were "set forth in large part by Judge Altenbernd" in his dissent in *Kozel v. Ostendorf*, 603 So. 2d 602, 605 (Fla. 2d DCA 1992), for trial courts to consider when determining whether an attorney's conduct warrants dismissal); *see also Kozel*, 603 So. 2d at 605 (Altenbernd, J., dissenting) ("I conclude that a trial court should consider at least five relevant factors before [striking a pleading] *due to an attorney's misconduct*: . . . ." (emphasis added)).  Here, the face of the trial court's order[1] makes it clear that it was Rachkov, the client,

---

[1] Because we do not have a transcript of the hearing on the motion for sanctions, our review is limited to fundamental error on the face of the order.  *See Tramontana v. Bank of N.Y. Mellon*, 230 So. 3d 601, 602 (Fla. 2d DCA 2017) ("Without a transcript, and in the absence of fundamental error on its face, an appellate court will affirm a trial court's decision."); *see also Thurman v. Davis*, 321 So. 3d 341, 344 (Fla. 1st DCA 2021) ("Without a transcript or statement of the evidence, the reviewing court is ' "limited to a consideration of any fundamental error which appears on the face of the order" ' and, finding none, must affirm the final judgment." (quoting *Carney v. Carney*, 861 So. 2d 1272, 1273-74 (Fla. 1st DCA 2003))).

with whom the trial court found fault.[2]  Accordingly, there is no error, fundamental or otherwise, on the face of the order.[3]

Affirmed.

SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

---

[2] We find no merit to Rachkov and Best Future's other argument on appeal—that the corporation was not subject to the trial court's discovery orders.  The Medvedniks' notice of deposition quite plainly set forth that Rachkov would be deposed in his individual capacity and as the corporate representative of Best Future Homes, Inc.

[3] We write only to clarify this point, but we recognize that even fundamental error must be raised on appeal, which appellants have not done here.  *See Spaulding v. Spaulding*, 326 So. 3d 186, 188-89 (Fla. 1st DCA 2021).